```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

    MICHAEL SCIORE and OLD CITY           1:19-cv-13775-NLH-AMD
    PRETZEL COMPANY, LLC,
                                          **OPINION**
            Plaintiffs,

        v.

    KELLY PHUNG, STUDIO KP LLC,
    and JOHN DOES #1-8,

            Defendants.

**APPEARANCES**

DAVID D. LIN
LEWIS & LIN LLC
81 PROSPECT STREET
SUITE 8001
BROOKLYN, NY 11201

   *Counsel for Plaintiffs.*

MATTHEW ADAM GREEN
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
1120 ROUTE 73
SUITE 420
MOUNT LAUREL, NJ 08054

JOSHUA BENJAMIN KAPLAN
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
1120 ROUTE 73
SUITE 420
MOUNT LAUREL, NJ 08054

   *Counsel for Defendants.*

**HILLMAN, District Judge**

   This matter comes before the Court on motion of Kelly Phung

and Studio KP, LLC (collectively, "Defendants") to dismiss the

complaint filed by Michael Sciore and Old City Pretzel Company, LLC (collectively, "Plaintiffs"). (ECF No. 7). For the reasons that follow, Defendants' motion to dismiss will be denied.

## BACKGROUND

Sciore is the owner of Old City Pretzel Company, which in turn owns and operates a now-closed restaurant in Philadelphia, Pennsylvania called Ardiente. (ECF No. 1 ("Complaint") at ¶¶4-5). According to Plaintiffs, the individual-Defendants[1] published harassing, defamatory, and false reviews about Ardiente on Yelp.com, a website on which users review businesses and share experiences with an online community ("Yelp").[2] See, e.g., (Complaint at ¶¶19-26). Plaintiffs allege the individual-Defendants left these reviews for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue.[3] See, e.g., (Complaint at ¶24).

---

[1] Plaintiffs allege that Phung owns a salon in Philadelphia, Studio KP. See (Complaint at ¶23). Phung's Yelp reviews reference her studio and suggest that Phung will use her business as a platform to share her experiences at Ardiente with others. (Complaint at ¶20).

[2] See Yelp.com, https://www.yelp.com/writeareview ("Review your favorite businesses and share your experiences with our community") (last visited March 10, 2020).

[3] Plaintiffs allege, on information and belief, that "Phung may not have even been present at the restaurant at the time of the alleged incident" for which the review was left. (Complaint at ¶25).

2

On August 24, 2018, Plaintiff filed the first iteration of this action under separate docket number, <u>Sciore, et al. v. Phung, et al.</u>, No. 18-cv-13220 (D.N.J.) (the "First Action"). Prior to Defendants answering or otherwise responding to the complaint in the First Action, Plaintiffs voluntarily dismissed the matter, without prejudice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.[4]  (First Action, ECF No. 5).  Defendants moved for relief under Rule 60 of the Federal Rules of Civil Procedure, arguing that the matter should be dismissed with prejudice as opposed to without prejudice.  <u>See</u> (First Matter, ECF No. 16 at 3).  Among other things, the Court found that voluntary dismissal does not constitute a final judgement or order, and therefore, relief under Rule 60 was not appropriate.  <u>Sciore v. Phung</u>, No. 18-cv-13220, 2019 U.S. Dist. LEXIS 148302, *2 (D.N.J. Aug. 30, 2019).

On June 14, 2019, Plaintiffs filed a new action in this Court against Defendants, pursuing allegations nearly identical to those presented in the First Action.  <u>Sciore, et al. v. Phung, et al.</u>, No. 19-cv-13775 (D.N.J.) (the "Second Action"). On August 28, 2019, Defendants filed their present motion to dismiss, alleging that, under the doctrine of res judicata, the

---

[4] Fed. R. Civ. P. 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

3

First Action bars the Second Action. (ECF No. 7). Plaintiffs have opposed. (ECF No. 8). As such, the present motion is ripe for adjudication.

**DISCUSSION**

I. <u>Subject Matter Jurisdiction</u>

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

II. <u>Legal Standard</u>

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).

"Dismissal for failure to state a claim is appropriate when it is obvious, either from the face of the pleading or from other court records, that an affirmative defense such as res judicata will necessarily defeat the claim." <u>McLaughlin v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plan</u>, 686 Fed. Appx. 118, 121 (3d Cir. 2017) (citing <u>Jones v. Bock</u>, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)).

4

III. Defendants' Motion To Dismiss

Defendants argue the doctrine of res judicata bars the Second Action because Plaintiffs voluntarily dismissed the First Action. Defendants' argument is inconsistent with relevant authority.

"Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit" if certain conditions are met. Duhaney v. AG of the United States, 621 F.3d 340, 347 (3d Cir. 2010), cert. denied, 563 U.S. 1035, 131 S. Ct. 2961, 180 L. Ed. 2d 250 (2011) (citing In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)). A party seeking to invoke res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id. (quoting In re Mullarkey, 536 F.3d at 225).

Defendants have not established that Plaintiffs' voluntary dismissal of the First Action constitutes (1) a final judgment (2) on the merits. As this Court previously explained in the First Action, Plaintiffs' "unilateral voluntary dismissal under Rule 41(a)(1)(A)(i) does not constitute a final judgment[.]" Sciore v. Phung, 2019 U.S. Dist. LEXIS 148302, at *2 (citing Catbridge Machinery, LLC v. Cytec Engineered Materials Inc., No.

5

12-cv-137, 2012 WL 2952434, *5 (D.N.J. 2012) (explaining that a voluntary dismissal "does not operate as a final order").

Furthermore, while Defendants argue that an initial voluntary dismissal operates as a dismissal with prejudice or a decision on the merits, the plain language of Rule 41 and Supreme Court precedent suggest otherwise. Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to voluntarily dismiss an action before the opposing party serves either an answer or motion for summary judgment. Rule 41(a)(1)(B) explains the effect of such a dismissal: "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Therefore, it appears that under Rule 41(a)(1)(B), a Rule 41(a) dismissal operates as an adjudication on the merits only if a plaintiff has previously dismissed a prior action based on or including the same claims.

The Supreme Court has recognized that where dismissal is without prejudice under Rule 41(a), it is not an adjudication on the merits. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-506, 121 S. Ct. 1021, 1026-1027, 149 L. Ed. 2d 32, 41 (2001) (citing 18 Wright & Miller, § 4435, at 329, n. 4) ("Both parts of Rule 41 . . . use the phrase 'without prejudice'

as a contrast to adjudication on the merits"). Accordingly, a first-time Rule 41(a)(1)(A)(i) dismissal, without prejudice, does not bar a subsequent, related action on res judicata ground. See Id. ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim."). Because dismissal of the First Action was without prejudice, it was not an adjudication on the merits, and res judicata does not bar the Second Action. See Id.

## CONCLUSION

Because Defendants have not established that dismissal of the First Action was a final judgement on the merits, their motion to dismiss on res judicata grounds must be denied. An appropriate Order will issue.


Date: March 16, 2020 \_s/ Noel L. Hillman_____
At Camden, New Jersey NOEL L. HILLMAN, U.S.D.J.