# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin
—
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

June 4, 2020

**VIA ECF**
Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
Room 1050
4th & Cooper Streets
Camden, New Jersey 08101

*Sciore et al. v. Phung et al.*
Case No.: 1:18-cv-13775-NLH-AMD

Dear Judge Hillman:

      We represent the plaintiffs in the above-referenced action. We write regarding Defendants' Studio KP, LLC and Kelly Phung (collectively, "Defendants'") deficient initial disclosures and responses to Plaintiffs' discovery requests.  While Plaintiffs have attempted to confer with counsel on these matters, Defendants have refused to have a teleconference with counsel.  Counsel for Defendants have even gone so far as to fail to provide a courtesy response to a phone message left by my associate regarding these issues.

      On March 27, 2020 Defendants served Plaintiffs with their initial disclosures, a true and correct copy of which is attached hereto as **Exhibit A**. Defendants' disclosures as to potential witnesses was and remains incomplete. Defendants identify 29 potential witnesses, inclusive of themselves and Plaintiffs, but only provided addresses (all of which were attorney addresses) for four of the non-party witnesses. Notably, seven of Defendants' witnesses correspond to the screen names of the John Doe defendants.  Defendants only provided a phone number or no contact information at all. Counsel for Plaintiffs attempted multiple times to have a teleconference to meet and confer regarding Defendants' requirement under Fed. R. Civ. P.26 to make a good faith effort to obtain the contact information for potential witnesses. At one point, counsel for Defendants' emailed my office stating that "There is nothing to meet and confer about, we will not be wasting any more time/fees addressing this." Defendants were wholly

# LEWIS & LIN LLC

uncooperative in Plaintiffs' request for information they are entitled to. In light of Defendants' obstinance, Plaintiffs attempted to obtain the information through alternative discovery means.

On March 30, 2020, Plaintiffs served Defendants with Interrogatories, Requests for the Production of Documents and Requests for Admittance.[1] A true and correct copy of the Interrogatories is attached hereto as **Exhibit B**. Specifically, Interrogatory No. 7 asked Defendants to "Identify, including the name, address, phone number, and relation to you, each of the John Doe Defendants as referenced in the complaint." Interrogatory No. 10 requested that Defendants to "Identify the home addresses of each individual identified in Defendants' Initial Disclosures."

On May 5, 2020, Defendants responded to the Interrogatories without providing a complete answer to either Interrogatory Nos. 7 or 10. A true and correct copy of those responses are attached hereto as **Exhibit C**. Plaintiffs sought to meet and confer with opposing counsel about these and other responses, but they again refused. As requested, on May 12, 2020 Plaintiffs sent a deficiency letter. A true and corrected copy of that letter is attached hereto as **Exhibit D**. On May 13, 2020, opposing counsel emailed our office indicating that they would not be providing additional information in response to Interrogatory Nos. 7 or 10. A true and correct copy of that email is attached hereto as **Exhibit E**.

Fed. R. Civ. P. 26 (a)(1)(E) clearly states that "a party is not excused from making its disclosures because it has not fully investigated the case...." Further, Fed. R. Civ. P. 26 does not only require that Defendants to produce what is "in their possession," which is what has been done here. *See Thurby v.Encore Receivable Management, Inc.*, 251 F.R.D. 620 (D. Colo. 2008) (where employer failed to satisfy its initial disclosure burden by only providing the business address and work telephone number of potential witnesses and was required to provide home addresses and personal phone numbers); *see also Fausto v. Credigy Services Corp.*, 251 F.R.D. 427 (N.D. Cal. 2008) (Fed. R. Civ. P. 26 requires parties to obtain specific addresses and telephone numbers for relevant individuals). "A party answering interrogatories is under a duty to produce all information available to the party. A party is charged with knowledge of what its agents know and what is in the documents available to it." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 707 (D.N.J. 2015) (internal citations omitted).

Defendants' refusal to provide information regarding the John Doe defendants, with whom they have a self-described "acquaintance" relationship (*See* Exhibit C at page 6), is prejudicial to Plaintiffs and will directly affect their ability to fully litigate their claims. Defendants have been able to identify names of the reviewers, but have some how been unable to provide *any* contact information for them.

Accordingly, Plaintiffs seek a conference with Your Honor regarding Defendants' refusal to provide contact information both in their initial disclosures and response to Plaintiffs' interrogatories.

---

[1] Plaintiffs have not yet received a response to the Requests for the Production of Documents, but expect such by the extended deadline pursuant to Standing Order 2020-04.

# LEWIS & LIN LLC

Thank you for your time and attention to this matter.

            Respectfully submitted,

            LEWIS & LIN, LLC

            _____
            David D. Lin

Enclosures

cc:  Counsel of Record (via ECF)