# Exhibit D

# LEWIS & LIN LLC

Brett E. Lewis

David D. Lin

—

Roberto Ledesma

Justin Mercer

Lauren Valli

81 Prospect Street, Suite 8001

Brooklyn, NY 11201

Tel: (718) 243-9323

Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

May 12, 2020

**VIA EMAIL**
Matthew A. Green
Joshua B. Kaplan
Obermayer Rebmann Maxwell & Hippel LLP
1120 Route 73
Suite 420
Mt. Laurel, NJ 08054
Matthew.green@obermayer.com
Joshua.kaplan@obermayer.com

*Michael Sciore et al. vs. Kelly Phung et al.*
*1:19-cv-19775-NLH-AMD*

Dear Counsel:

We write regarding Defendants' Kelly Phung and Studio KP, LLC ("Defendants") responses to Plaintiffs' Interrogatories. Plaintiffs request a "meet and confer" regarding the following responses.

**Interrogatory #2**

Defendants identify Irine Tran, Eddie Douangdara, and Peter Ly as individuals that Kelly Phung had conversations with regarding various topics. Plaintiffs request that Defendants provide an explanation as to when those conversations were held and with whom each topic was discussed. Similarly, Plaintiffs request that Defendants provide the date(s) Ms. Phung spoke to "Mary."

# LEWIS & LIN LLC

**Interrogatory #4**

Plaintiffs seek to confer regarding Defendants' objection to the time period and their limited response that Ms. Phung only has one email address that had been used for correspondence related to the "subject matter of this litigation" when the interrogatory asked for all email addresses used by Defendants.

**Interrogatory #5**

Plaintiffs seek to confer regarding Defendants' objection to the time period and their limited response that Ms. Phung's username on Yelp is listed as "Kelly P.," when the interrogatory asked for all usernames *used* by Defendants. Plaintiffs seek clarity as to whether Defendants have used other names, even if Ms. Phung's current username is "Kelly P.'

**Interrogatory #7**

Plaintiffs seek to confer regarding Defendants' failure to provide an address for Michelle Tran, Thao Tran, "Dip N." a/k/a "Tiffany," and Kevin Ching.

**Interrogatory # 10**

Plaintiffs seek to confer regarding Defendants' failure to provide addresses for the individuals identified in their initial disclosures, despite being under a good faith effort to do so. The rule itself states, "a party is not excused from making its disclosures because it has not fully investigated the case...." Fed.R.Civ.P. 26(a)(1)(E). Fed. R. Civ. P. 26 does not only require Defendants to produce what is "in their possession," which is what has been done. *See Thurby v. Encore Receivable Management, Inc.*, D.Colo.2008, 251 F.R.D. 620 (where employer failed to satisfy its initial disclosure burden by only providing the business address and work telephone number of potential witnesses and was required to provide home addresses and personal phone numbers); *see also Fausto v. Credigy Services Corp.*, N.D.Cal.2008, 251 F.R.D. 427 (Fed. R. Civ. P. 26 requires parties to obtain specific addresses and telephone numbers for relevant individuals). "A party answering interrogatories is under a duty to produce all information available to the party.  A party is charged with knowledge of what its agents know and what is in the documents available to it." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 707 (D.N.J. 2015) (internal citations omitted). Further, Defendants indicate that Ms. Phung is an acquaintance with the John Doe defendants. Accordingly, it is not a credible response that you do not have access to their addresses.   If despite their obligations, Defendants do not have the addresses, they must outline the steps taken to attempt to get them.

Very truly yours,

/s/ David D. Lin
David D. Lin

2