# Exhibit E

Lauren Valli <lauren@ilawco.com>

## Sciore v. Phung

**Kaplan, Joshua** <joshua.kaplan@obermayer.com>                                                        Wed, May 13, 2020 at 2:04 PM
To: David Lin <david@ilawco.com>
Cc: Lauren Valli <lauren@ilawco.com>, "Green, Matthew" <matthew.green@obermayer.com>

Dear David –

I write in response to your letter of May 12 requesting a "meet and confer" with respect to Defendants' responses to your interrogatories.

With respect to Interrogatory #2, Defendants' answers are fully responsive to the interrogatory, which asks Defendants to identify (1) statements made and (2) to whom. The information requested in your letter was not requested in the Interrogatories, either expressly or by application of any of the definitions or instructions you provided. If Plaintiffs want more information on this topic, the appropriate mechanism is to either serve additional interrogatories or notice my client's deposition, not to demand information that you failed to request in the first instance. Notwithstanding the foregoing, to the extent that there is any ambiguity in Defendants' response to Interrogatory #2, I can clarify that my client spoke with each of Ms. Tran, Mr. Douangdara, and Mr. Ly about the three topics identified in the response.

With respect to Interrogatory #4, Defendants have provided a response, subject to certain objections. If you disagree with those objections, kindly explain the basis for this disagreement in writing and we will respond accordingly.

With respect to Interrogatory #5, Ms. Phung has not used any usernames on Yelp other than the one identified in Defendants' response. Studio KP maintains a Yelp page, but I do not believe this constitutes a "username."

With respect to Interrogatories #7 and 10, there is no further basis to meet and confer. Defendants have provided you with all addresses in their possession and, more to the point, all addresses in their "possession, custody, and control." None of the cases that you cite stands for the proposition that my client must go on a quest to find addresses that she does not have from mere acquaintances, and your insistence to the contrary is vexatious, harassing, and in bad faith. The two out-of-district cases you cite refer to an employer's obligation to provide the personal contact information of its employees – information that it presumably would have, but failed to produce in those cases. In contrast, my client does not have the information Plaintiffs are demanding. Your reliance on the *Younes* case is particularly egregious, since it is plainly inapt. That case involved a discovery dispute in which 7-Eleven provided interrogatory responses indicating that it had no information relating to a purported scheme to improperly terminate franchises. Apparently, neither 7-Eleven nor its counsel conducted any investigation to determine the existence or scope of such a scheme (which, it turns out, was real and extensive), and the Court noted that 7-Eleven's false responses were inappropriate because "[a] party is charged with knowledge of what its agents know and what is in the documents available to it." That is wholly different from your repeated, unfounded insistence that my client must have "access" (whatever that means) to addresses that she does not actually have, and your attempt to impugn my client's credibility is wholly improper.

Regards,



  

**Joshua B. Kaplan**

Associate

**Obermayer Rebmann Maxwell & Hippel LLP**
1120 Route 73 | Suite 420
Mt. Laurel, NJ 08054

856.857.1930 tel | 856.482.0504 fax

joshua.kaplan@obermayer.com | www.obermayer.com

**Please be advised that our office is temporarily closed to visitors for the safety of our staff and clients due to COVID-19.  If you need to contact our office, please email our office or contact us via telephone and please leave a detailed message.  If you need to send us documents, please email them to us as we will be regularly checking our emails. If you have multiple items to send, we can send you a link to upload them. We appreciate your understanding during this time and will do our best to keep your case moving forward.**

NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information or attorney work product. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.