

| | |
|---|---|
| **Joshua B. Kaplan** | **Obermayer Rebmann Maxwell & Hippel LLP** |
| | **Attorneys At Law** |
| Direct Dial: 856-857-1930 | 1120 Route 73 |
| joshua.kaplan@obermayer.com | Suite 420 |
| www.obermayer.com | Mt. Laurel, NJ 08054-5108 |
| | P: (856) 795-3300 |
| | F: (856) 482-0504 |

June 10, 2020

**VIA CM/ECF**

Hon. Ann Marie Donio, United States Magistrate Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen Building and U.S. Courthouse
4th & Cooper Streets, Courtroom 3A
Camden, New Jersey 08101

    Re:    *Sciore, et al. v. Phung, et al.*, No. 19-cv-13775-NLH-AMD

Dear Judge Donio,

    I am counsel to defendants/counterclaim plaintiffs Kelly Phung and Studio KP, LLC, and write, per Your Honor's June 5, 2020 Order, in response to Plaintiffs' request for a discovery conference. Please accept this letter response in lieu of a more formal brief.

    Regrettably, Plaintiffs are engaged in an unnecessary and improper campaign to harangue the Defendants, and now the Court, for information that Defendants have averred that they do not have. Plaintiffs' June 4, 2020 request for a discovery conference (the "Request") mischaracterizes the facts, grossly misstates the law, and is unnecessarily and vexatiously increasing the cost of a lawsuit that is barred by a prior settlement agreement.[1]

    As reflected in Plaintiffs' complaint, this case centers around several negative reviews of Plaintiffs' now-shuttered restaurant, which were posted following a party for ***approximately 40 people***.

---

[1] Incidentally, despite their repeated complaints about Defendants' discovery, Plaintiffs have refused to respond to Defendants' requests for admission—of which there are ***only three***, each of which simply asks for authentication of a document relevant to the prior settlement agreement—until the extended time permitted by the Court's Standing Order. While Defendants have not pressed Plaintiffs for an earlier response, it is readily apparent that Plaintiffs are delaying their response to unnecessarily prolong this litigation.

4848-0815-4815

Defendants identified many of these attendees in their initial disclosures, but Defendants do not know many of them other than as mutual acquaintances of the party's host.  For the same reason, they do not have the personal contact information for every one of those attendees.

Accordingly, in their initial disclosures, Defendants identified attendees of the party, and provided the telephone numbers that were then available to them.  Thereafter, Plaintiffs served interrogatories, which Defendants answered.  Notably, Interrogatory #7 asks for the contact information and relation to Ms. Phung of every John Doe defendant identified in the complaint.  Ms. Phung provided a verified, page-and-a-half response to this Interrogatory ***without objection***, including the telephone numbers and addresses that she had.  *See* Plaintiffs' Ex. C, at 8.  She provided similar information in response to Interrogatory #3.  *See id.* at 5.  In response to Interrogatory #10, which sought the home addresses of all individuals identified in Defendants' initial disclosures, Defendants averred that they had provided all contact information in their possession.  *See id.* at 11.  Plaintiffs nevertheless remained unsatisfied (without justification), and sent a deficiency letter (Plaintiffs' Ex. D).[2]

Rule 26(a)(1) requires that a party disclose "the name and, ***if known***, the address and telephone number of each individual likely to have discoverable information . . . ." (Emphasis added).  The emphasized portion of the Rule expressly contemplates that there will be cases, such as this one, where a party is aware of witnesses with relevant information, but does not have their contact information.  Nothing in Rule 26, or ***any*** authority that Plaintiffs have cited, requires a party to produce information it does not have.

Moreover, it is dumbfounding that Plaintiffs doggedly rely on the *Thurby*, *Fausto*, and *Younes* cases for the proposition that Defendants have a burden to conduct an investigation for the Plaintiffs' benefit.  As explained in no uncertain terms in their response to Plaintiffs' May 12, 2020 letter, ***not one of these cases*** supports Plaintiffs' contention.  The *Thurby* and *Fausto* decisions (both of which are out-of-circuit) describe an ***employer's*** obligation to provide the personal contact information of its employee witnesses—information that an employer presumably would have, but which was not produced in those cases.  *See Thurby v. Encore Receivable Mgmt.*, 251 F.R.D. 620, 621 (D. Colo. 2008) ("Plaintiff argues that Defendant did not satisfy its Rule 26(a)(1) initial disclosure obligations when it disclosed three employees as potential witnesses, but provided only the business address and telephone number for each employee of the Defendant corporation."); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 430 (N.D. Cal. 2008) ("As required by Rule 26 initial disclosures and in response to the Faustos's properly served interrogatories, Credigy must disclose the full names and complete contact information of all Credigy employees that worked on the Faustos's file, . . . ***to the extent that this information is available to***

---

[2] Although Plaintiffs have attached as Exhibit E a copy of Defendants' May 13, 2020 response to their deficiency letter, the document is inexplicably cut off at the margins and the text is so small as to be nearly illegible.  For the Court's convenience, a legible copy is attached hereto as Exhibit 1.

*Credigy* . . . ." (emphasis added)). In contrast, none of the individuals at issue here is an employee or agent (or occupies any comparable position) of the Defendants.

And as explained in Defendants' May 13 response to Plaintiffs' deficiency letter, Plaintiffs' reliance on the *Younes* decision is particularly egregious because it is wildly inapt. *See* Ex. 1. *Younes* involved a discovery dispute in which 7-Eleven provided interrogatory responses indicating that it had no information relating to a scheme to improperly terminate franchises. *See Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 696-98 (D.N.J. 2015). Apparently, neither 7-Eleven nor its counsel conducted any investigation to determine the existence or scope of such a scheme (which, it turns out, was real and extensive), and the Court reasoned that 7-Eleven's discovery responses were inappropriate because a "party is charged with knowledge of what its agents know and what is in the documents available to it." *Id.* at 707. That is the focus of *Younes*: the refusal of 7-Eleven and its counsel to conduct a reasonable internal investigation to identify pertinent corporate practices. That is drastically different from the question whether Defendants have, or must investigate, the home addresses of every person who attended a large dinner party. They do not have this information, and have verified that fact. Plaintiffs are simply trying to draw blood from a stone, to the detriment of Defendants and the Court.

We thank the Court for its attention to this matter, and stand ready to respond if Your Honor has any questions in advance of our scheduled conference.

Respectfully submitted,

*/s/ Joshua B. Kaplan*
Joshua B. Kaplan
*Counsel for Studio KP, LLC and Kelly Phung*

cc: all counsel of record (via CMECF)

Hon. Ann Marie Donio, U.S.M.J.
June 10, 2020
Page | 4

## CERTIFICATE OF SERVICE

      I, Joshua B. Kaplan, hereby certify that on the 10th day of June, 2020, I served a true and correct copy of the herein Defendants' responses to Plaintiffs' request for a discovery conference on all counsel of record via CMECF.

      OBERMAYER REBMANN MAXWELL & HIPPEL LLP


      */s/ Joshua B. Kaplan*
      Joshua B. Kaplan

4848-0815-4815

# EXHIBIT 1

**Kaplan, Joshua**

| | |
|---|---|
| **From:** | Kaplan, Joshua |
| **Sent:** | Wednesday, May 13, 2020 2:04 PM |
| **To:** | David Lin |
| **Cc:** | 'Lauren Valli'; Green, Matthew |
| **Subject:** | Sciore v. Phung |

Dear David –

I write in response to your letter of May 12 requesting a "meet and confer" with respect to Defendants' responses to your interrogatories.

With respect to Interrogatory #2, Defendants' answers are fully responsive to the interrogatory, which asks Defendants to identify (1) statements made and (2) to whom.  The information requested in your letter was not requested in the Interrogatories, either expressly or by application of any of the definitions or instructions you provided.  If Plaintiffs want more information on this topic, the appropriate mechanism is to either serve additional interrogatories or notice my client's deposition, not to demand information that you failed to request in the first instance.  Notwithstanding the foregoing, to the extent that there is any ambiguity in Defendants' response to Interrogatory #2, I can clarify that my client spoke with each of Ms. Tran, Mr. Douangdara, and Mr. Ly about the three topics identified in the response.

With respect to Interrogatory #4, Defendants have provided a response, subject to certain objections.  If you disagree with those objections, kindly explain the basis for this disagreement in writing and we will respond accordingly.

With respect to Interrogatory #5, Ms. Phung has not used any usernames on Yelp other than the one identified in Defendants' response.  Studio KP maintains a Yelp page, but I do not believe this constitutes a "username."

With respect to Interrogatories #7 and 10, there is no further basis to meet and confer.  Defendants have provided you with all addresses in their possession and, more to the point, all addresses in their "possession, custody, and control."  None of the cases that you cite stands for the proposition that my client must go on a quest to find addresses that she does not have from mere acquaintances, and your insistence to the contrary is vexatious, harassing, and in bad faith.  The two out-of-district cases you cite refer to an employer's obligation to provide the personal contact information of its employees – information that it presumably would have, but failed to produce in those cases.  In contrast, my client does not have the information Plaintiffs are demanding.  Your reliance on the *Younes* case is particularly egregious, since it is plainly inapt.  That case involved a discovery dispute in which 7-Eleven provided interrogatory responses indicating that it had no information relating to a purported scheme to improperly terminate franchises.  Apparently, neither 7-Eleven nor its counsel conducted any investigation to determine the existence or scope of such a scheme (which, it turns out, was real and extensive), and the Court noted that 7-Eleven's false responses were inappropriate because "[a] party is charged with knowledge of what its agents know and what is in the documents available to it."  That is wholly different from your repeated, unfounded insistence that my client must have "access" (whatever that means) to addresses that she does not actually have, and your attempt to impugn my client's credibility is wholly improper.

Regards,



  

**Joshua B. Kaplan**
Associate

**Obermayer Rebmann Maxwell & Hippel LLP**
1120 Route 73 | Suite 420
Mt. Laurel, NJ 08054
856.857.1930 tel | 856.482.0504 fax

joshua.kaplan@obermayer.com | www.obermayer.com

**Please be advised that our office is temporarily closed to visitors for the safety of our staff and clients due to COVID-19.  If you need to contact our office, please email our office or contact us via telephone and please leave a detailed message.  If you need to send us documents, please email them to us as we will be regularly checking our emails. If you have multiple items to send, we can send you a link to upload them. We appreciate your understanding during this time and will do our best to keep your case moving forward.**

NOTICE: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information or attorney work product. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.