

**Joshua B. Kaplan**

Direct Dial: 856-857-1930
joshua.kaplan@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
**Attorneys At Law**
1120 Route 73
Suite 420
Mt. Laurel, NJ 08054-5108
P: (856) 795-3300
F: (856) 482-0504

June 15, 2020

<u>VIA CM/ECF</u>

Hon. Ann Marie Donio, United States Magistrate Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen Building and U.S. Courthouse
4th & Cooper Streets, Courtroom 3A
Camden, New Jersey 08101

    Re:    *Sciore, et al. v. Phung, et al.*, No. 19-cv-13775-NLH-AMD

Dear Judge Donio,

    I regret burdening the Court with additional correspondence in this matter, but am constrained to advise Your Honor about a related discovery dispute that Plaintiffs have failed to rectify.

    As Your Honor may recall, Defendants have asserted a counterclaim against Plaintiffs for breaching a prior settlement agreement in an identical action. In connection with that counterclaim, Defendants served three requests for admission (the "RFAs") on Plaintiffs on April 13, 2020, seeking authentication of only three documents: an email chain between my colleague, Matthew Green, and Plaintiffs' counsel, Mr. Lin, memorializing the essential terms of that settlement; a draft settlement agreement prepared by Mr. Lin; and a revised settlement agreement prepared by Mr. Green. On Thursday, June 11, 2020, Plaintiffs served their responses to the three RFAs. A true and correct copy of Plaintiffs' Responses are attached as Exhibit 1.

    Plaintiffs did not provide any substantive response to the RFAs, but instead objected to each of them on wholly inapplicable grounds. **<u>First</u>**, Plaintiffs object to the RFAs on the ground that they seek evidence that Plaintiffs believe is inadmissible under Federal Rule of Evidence 408. As an initial matter, admissibility is ***not*** a valid objection to a discovery request. Fed. R. Civ. P. 26(b)(1) makes clear that "information within [the] scope of discovery ***need not be admissible in evidence to be discoverable***." (emphasis added); *see also Caruso v. Coleman Co.*, 1995 U.S. Dist. LEXIS 7934, at *25 (E.D. Pa. June

7, 1995) ("Issues regarding the admissibility of the document at trial do not form a valid objection to a request for admission.").

**Further**, Rule 408 does not apply here. Rule 408 bars evidence of settlement negotiations only when used to prove the amount or validity of a claim that is the subject of the negotiations. *See* F.R.E. 408. It is well settled that Rule 408 "does not prevent introduction of a settlement agreement in an action to enforce that agreement." *Gator of Fla. v. Uniformity LLC*, 2011 U.S. Dist. LEXIS 54749, at *4 (D.N.J. May 22, 2011); *cf. Kennedy v. Samsung Elecs. Am., Inc.*, 2018 U.S. Dist. LEXIS 84442, at *14 n.5 (D.N.J. May 21, 2018) ("However, 'Rule 408 does not bar the admission of settlement discussions that are relevant to deciding whether the parties settled the case.'" (quoting *Schatz-Bernstein v. Keystone Food Prod., Inc.*, 2009 U.S. Dist. LEXIS 34700, at *8 n.2 (D.N.J. Apr. 17, 2009))). Thus, Plaintiffs' evidentiary objection is meritless.

**Second**, Plaintiffs object to the RFAs because "Defendants have not made a particularized showing that they cannot obtain this information from any other source . . . ." It is unclear what Plaintiffs mean by this, since they did not cite any authority (nor could I find one) suggesting that any showing of any sort (other than the baseline requirement that the information sought fall within the broad scope of Rule 26) is required to ask that a party authenticate a document prepared by his counsel on his behalf. This objection plainly lacks merit.

**Finally**, Plaintiffs object to the RFAs as "Premature" because they intend to file a motion to dismiss Defendants' counterclaim. Again, however, Plaintiffs offer no authority to support this objection, and it does not appear that the Rules of Civil Procedure or any other authority permits Plaintiffs to unilaterally refuse discovery on the basis of an *anticipated* motion to dismiss.

On Friday, I wrote to Mr. Lin and requested that Plaintiffs promptly supplement their RFA responses in light of the above,[1] but Plaintiffs have not done so. Accordingly, Defendants respectfully request that the Court address this issue on tomorrow's call so that they can obtain the discovery they need to advance this litigation.

We thank the Court for its continued time and attention to this matter, and stand ready to respond if Your Honor has any questions.

Respectfully submitted,

*/s/ Joshua B. Kaplan*
Joshua B. Kaplan
*Counsel for Studio KP, LLC and Kelly Phung*

---

[1] A copy of my June 12 letter to Mr. Lin is attached as Exhibit 2.
4817-7743-8144

Hon. Ann Marie Donio, U.S.M.J.
June 15, 2020
Page | 3

    Attachments
    cc: all counsel of record (via CM/ECF)

4817-7743-8144

Hon. Ann Marie Donio, U.S.M.J.
June 15, 2020
Page | 4

## CERTIFICATE OF SERVICE

       I, Joshua B. Kaplan, hereby certify that on the 15th day of June, 2020, I served a true and correct copy of foregoing correspondence to the Court on all counsel of record via CM/ECF.

       OBERMAYER REBMANN MAXWELL & HIPPEL LLP

       */s/ Joshua B. Kaplan*
       Joshua B. Kaplan

# EXHIBIT 1

DAVID D. LIN (N.J. Bar No. 28462003)
LAUREN VALLI (admitted *pro hac vice*)
**LEWIS & LIN, LLC**
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Lauren@iLawco.com
Telephone: (718) 243 9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*
MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC,<br><br>*Plaintiffs*,<br><br>vs.<br><br>KELLY PHUNG, STUDIO KP LLC, and JOHN DOES #1-8,<br><br>*Defendants*. | Case No: 1:19-cv-13775-NLH-AMD<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS KELLY PHUNG AND STUDIO KP LLC'S REQUESTS FOR ADMISSIONS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiffs Michael Sciore ("Sciore") and Old City Pretzel Company, LLC ("Ardiente," collectively with Sciore, "Plaintiffs"), through their undersigned counsel, Lewis & Lin LLC, hereby responds to Defendants' Kelly Phung and Studio KP LLC's (collectively,

1

"Defendants") First Set of Requests for Admissions ("Request(s)") as set forth below. Plaintiffs' discovery efforts are continuing and he reserves the right to amend or supplement these responses and objections as necessary.

## Introduction

Defendants' Requests seek massive amounts of information with respect to overly and unnecessarily broad subject areas, and with respect to matters defined or referred to in such a vague and uncertain manner as to make meaningful responses impossible or impractical. The overwhelming majority of responses to the requested Requests are irrelevant and not likely to lead to the discovery of admissible evidence, or their relevance is marginal at most and their potential value in this litigation is substantially outweighed by the burden, expense and inconvenience that would be required to answer the requested Requests. Other documents requested by Defendants are already in Defendants' possession or are available from other readily accessible sources. Furthermore, Defendant's Requests seek documents that are, at least in part, secret, sensitive, and confidential. As discovery is continuing, Plaintiff reserve the right to supplement its responses these Requests. Finally, Defendants' Requests are objectionable and improper for numerous additional reasons set forth in the below General Qualifications and Objections and below responses to the individual paragraphs of

the Requests. This Introductory Statement and the following General Qualifications and Objections are incorporated by reference in response to each and every one of Defendants' Requests.

## GENERAL QUALIFICATIONS AND OBJECTIONS

1. Plaintiffs object to each and every request insofar as and to the extent it seeks documents and information protected by the attorney-client privilege (hereinafter, "Attorney-Client Privilege"), the work product doctrine, (hereinafter, "Attorney Work Product") or any other applicable privilege or immunity and will not produce such information. Any inadvertent disclosure of such documents shall not be a waiver of the attorney-client privilege, the work product doctrine, or any applicable privilege or immunity.

2. Plaintiffs object to each and every request to the extent that it calls for the production of documents that are neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence (hereinafter, "Relevant").

3. Plaintiffs object to each and every request to the extent that it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Plaintiffs object to each and every request to the extent that they seek documents outside of the scope of Plaintiffs' knowledge (hereinafter, "Outside the Scope").

5. Plaintiffs object to each and every request to the extent it is Overly Broad, Vague and Ambiguous, unduly burdensome or not reasonably calculated to lead to the discovery of admissible evidence (hereinafter, "Vague and Ambiguous" or "Overly Broad").

6. Plaintiffs object to each and every request to the extent that it is duplicative of a request previously asked (hereinafter, "Duplicative").

7. Plaintiffs object to each and every request to the extent it improperly calls for a legal conclusion (hereinafter, "Legal Conclusion").

8. Plaintiffs object to each and every request to the extent it is premature in nature (hereinafter, "Premature").

9. Plaintiffs object to each and every request insofar as and to the extent it seeks divulgence of trade secrets, confidential or proprietary information of any third-party, (hereinafter, "Confidentiality"), provided, however, that such information may be disclosed subject to Plaintiffs' other general and specific objections, and subject to the parties protective order.

10. Plaintiffs object to each and every request in its entirety on the ground that Plaintiffs are responding on the basis of his current knowledge and information. Plaintiffs reserve the right to supplement their answers to each of these Requests.

11. Plaintiffs object to each request to the extent it purports to impose obligations beyond those required by the Federal Rules.

12. Plaintiffs are providing these responses and producing documents without waiver of or prejudice to Plaintiffs' rights at any later time, to raise objections to (a) the competence, relevance, materiality, privilege or admissibility of (i) the Request or any part thereof, (ii) statements made in this response to the Request of any part thereof, or (iii) any document produced pursuant to this response, or (b) any other demand for discovery involving or relating to the request.

13. Plaintiffs reserve the right to redact documents in response to the Requests.

14. Plaintiffs object to Defendant's Requests to the extent they purport to use terms that are not defined in the Definitions contained therein, such that Plaintiffs cannot make meaningful responses to same.

15. Plaintiffs object to Defendants' Requests on the grounds that they do not specify a time period relevant to the issues raised in this matter, such that seek documents that are not likely to lead to the discovery of admissible evidence.

16. Plaintiffs object to Defendants' Requests to the extent Defendants attempt to impose duties of supplementation or otherwise contrary to or inconsistent with the Federal Rules.

17. Plaintiffs object to the definition of "Plaintiffs" to the extent it is overbroad and purports to include persons or entities that are not Plaintiffs.

18. Plaintiffs' responses herein are expressly subject to each of the foregoing "General Objections" and each of them are expressly incorporated by reference into each response. Plaintiffs reserve the right at any time to revise, correct, add to, or clarify the objections or responses set forth herein and the production made pursuant thereto. Each of the specific responses below are made subject to Plaintiffs' continuing investigation, and with the understanding that Plaintiffs may supplement their specific responses and/or the documents produced in response at some point in the future.

Subject to and without waiving such General Objections, Plaintiffs respond as follows:

**Request No. 1:**

Admit that the document attached hereto as Exhibit A is a true and correct copy of emails exchanged between Matthew Green, Esq. and David Lin, Esq. between September 18, 2018, and October 10, 2018.

**Response to Request No. 1:**

Plaintiffs specifically object to this Request on the basis that it seeks evidence prohibited by FRE 408. Defendants have not made a particularized showing that they cannot obtain this information from any other source, nor will they be able to given that the alleged emails are from their own attorney.

Plaintiffs further specifically object on the basis that it is Premature in that they will be moving the Court to dismiss Defendants' counterclaim for breach of the alleged settlement agreement.

**Request No. 2:**

Admit that the document attached hereto as Exhibit B is a true and correct copy of a draft "Settlement Agreement" sent by David Lin, Esq. to Matthew Green, Esq. on or about October 1, 2018.

**Response to Request No. 2:**

Plaintiffs specifically object to this Request on the basis that it seeks evidence prohibited by FRE 408. Defendants have not made a particularized showing that they cannot obtain this information from any other source, nor will they be able to given that the alleged draft was sent to their own attorney.

Plaintiffs further specifically object on the basis that it is Premature in that they will be moving the Court to dismiss Defendants' counterclaim for breach of the alleged settlement agreement.

Plaintiffs also specifically object to the characterization of the referenced document as a "settlement agreement."

**Request No. 3:**

Admit that the document attached hereto as Exhibit C is a true and correct copy of a draft "Settlement Agreement" sent by Matthew Green, Esq. to David Lin, Esq. on or about October 9, 2018.

**Response to Request No. 3:**

Plaintiffs specifically object to this Request on the basis that it seeks evidence prohibited by FRE 408. Defendants have not made a particularized showing that they cannot obtain this information from any other source, nor will they be able to given that the alleged draft was sent to their own attorney.

Plaintiffs further specifically object on the basis that it is Premature in that they will be moving the Court to dismiss Defendants' counterclaim for breach of the alleged settlement agreement.

Plaintiffs also specifically object to the characterization of the document as a "settlement agreement."

Dated: Brooklyn, NY
      June 11, 2020

                            LEWIS & LIN, LLC

                            By: /s/David D. Lin
                                 David D. Lin, Esq.
                                 Lauren Valli, Esq.

                            81 Prospect Street, Suite 8001
                            Brooklyn, NY 11201
                            Tel: (718) 243-9323
                            Fax: (718) 243-9326
                            david@iLawco.com
                            lauren@iLawco.com

                            *Attorneys for Plaintiffs*

# EXHIBIT 2



| | |
|---|---:|
| **Joshua B. Kaplan** <br> Direct Dial: 856-857-1930 <br> joshua.kaplan@obermayer.com <br> www.obermayer.com | **Obermayer Rebmann Maxwell & Hippel LLP** <br> 1120 Route 73 <br> Suite 420 <br> Mt. Laurel, NJ 08054-5108 <br> P: 856.795.3300 <br> F: 856.482.0504 |

June 12, 2020

**<u>VIA EMAIL</u>**
David D. Lin
Lewis & Lin LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
david@ilawco.com

Re: <i>Sciore, et al. v. Phung, et al.</i>, No. 19-cv-13775-NLH-AMD (D.N.J.)

Mr. Lin:

I write regarding Plaintiffs' responses (the "Responses") to Defendants' Requests for Admission (the "Requests"), which you served yesterday.  Plaintiffs' Responses are woefully deficient, reflect either a gross misunderstanding or intentional misrepresentation of the applicable law, and must be supplemented promptly.

Each of Defendants' three Requests seeks only an admission of the authenticity of a document relating to the settlement of your clients' prior action against Defendants.  At the outset, Plaintiffs' Responses set forth an "Introduction" and "General Qualifications and Objections," which collectively span *five pages*, and which comprise a litany of entirely irrelevant objections directed at document requests that we have not even served.

More fundamentally, Plaintiffs improperly object to each Request on the basis that the Requests "seek[] evidence prohibited by FRE 408."  This objection is entirely without merit.  Fed. R. Civ. P. 26(b)(1) makes clear that "information within [the] scope of discovery ***need not be admissible in evidence to be discoverable***."  (Emphasis added); *see also Caruso v. Coleman Co.*, 1995 U.S. Dist. LEXIS 7934, at *25 (E.D. Pa. June 7, 1995) ("Issues regarding the admissibility of the document at trial do not form a valid objection to a request for admission.").  Here, Plaintiffs have not objected on the basis that the Requests seek admissions that are not relevant to the instant litigation.  Nor could they, since the existence of a prior settlement agreement among the parties is the crux of Defendants' counterclaim.  Thus, Defendants' objection is nothing more than a complaint about the admissibility of the information sought.

David Lin, Esquire
June 12, 2020
P a g e | **2**

  That objection has no merit, either, as it is well settled that Rule 408 "does not prevent introduction of a settlement agreement in an action to enforce that agreement." *Gator of Fla. v. Uniformity LLC*, 2011 U.S. Dist. LEXIS 54749, at *4 (D.N.J. May 22, 2011); *cf. Kennedy v. Samsung Elecs. Am., Inc.*, 2018 U.S. Dist. LEXIS 84442, at *14 n.5 (D.N.J. May 21, 2018) ("However, 'Rule 408 does not bar the admission of settlement discussions that are relevant to deciding whether the parties settled the case.'" (quoting *Schatz-Bernstein v. Keystone Food Prod., Inc.*, 2009 U.S. Dist. LEXIS 34700, at *8 n.2 (D.N.J. Apr. 17, 2009))).

  Next, Plaintiffs object because "Defendants have not made a particularized showing that they cannot obtain this information from any other source . . . ." This objection is meaningless. You cite no authority, nor could I identify any, suggesting that any showing of any sort (other than the baseline requirement that the information sought fall within the broad scope of Rule 26) is required to ask that a party authenticate a document prepared by his counsel on his behalf. If your client is not able to authenticate the documents at issue, then it would seem that the only source who could authenticate your communications is you, and we will issue a subpoena for your deposition.

  Finally, Plaintiffs object to the Requests as "Premature" based on your forthcoming motion to dismiss. There is no case law or Rule of Civil Procedure that allows a party to interpose an objection to discovery on the basis that he plans to file a dispositive motion sometime in the future. None.

  While we understand that you and your clients refuse to acknowledge the binding nature of the settlement agreement that was reached, it is troubling that you have resorted to such gamesmanship, particularly since Plaintiffs never disputed the authenticity of these documents when they were submitted in support of Defendants' Rule 60(b) motion and subsequent motion to dismiss. Given that there are only three Requests at issue, we insist that Plaintiffs supplement their Responses no later than noon on Monday, June 15. Otherwise, we will inform the Court of this issue so that we can address it on our Tuesday call.

  Please guide yourself accordingly.

                Sincerely,

                */s/ Joshua B. Kaplan*
                Joshua B. Kaplan

cc: Matthew A. Green (via email)

4825-6968-7744