# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Michael Cilento
Roberto Ledesma
Justin Mercer
Lauren Valli

81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: David@iLawco.com

June 15, 2020

Hon. Ann Marie Donio
United States District Court for the District of New Jersey
Mitchell H. Cohen Building and U.S. Courthouse
4th & Cooper Streets, Courtroom 3A
Camden, NJ 08101

      *Sciore et al. v. Phung et al.*, Case No.: 19-cv-13775-NLH-AMD

Dear Judge Donio:

  I represent plaintiffs in this matter and write in response to defendants' letter of today, which requested the Court to address a new discovery dispute on its previously scheduled call for tomorrow morning.[1] The dispute concerns plaintiffs' responses to defendants' requests for admissions (the "RFAs"), which plaintiffs served last Thursday.

  Defendants' RFAs requested that plaintiffs admit the authenticity of certain settlement communications, including emails exchanged between counsel for the parties, and various iterations of a "draft 'Settlement Agreement'" sent between the parties' attorneys. The documents were not executed by the parties, and, from the face of them, were only sent to the parties' attorneys. Plaintiffs objected to the requests, on the basis that they concerned evidence prohibited by FRE 408, and that defendants "have not made a particularized showing that they cannot obtain this information from any other source." ECF No. 25 at 12.

  As defendants note, Fed. R. Civ. P. 26(b)(1) states that "information within [the] scope of discovery need not be admissible in evidence to be discoverable." However, this Court has recognized on several occasions the "inherent tension between Fed. R. Evid. 408, which prohibits the use of settlement discussions to prove liability, and Rule 26, which permits liberal discovery." *Deluxe Bldg. Sys., Inc. v. Constructamax, Inc.*, No. 06-2996 (MCA) (2016 WL 10572481 n.3, May 16, 2016) (collecting cases).

---

[1] It bears noting the defendants' letter to the Court is procedurally improper, as they have not afforded plaintiffs even a single business day to meet and confer regarding the purported discovery dispute.

LEWIS & LIN LLC

The Third Circuit has not yet resolved this issue; but courts in this district have reconciled "the two competing rationales behind the rules by requiring the moving party to make a 'particularized showing that the evidence sought is relevant and calculated to lead to the discovery of admissible evidence.'" *Id.* (citations omitted).  The effect of this "is to switch the burden of proof from the party in opposition to the discovery to the party seeking the information." *Id.*  Thus, "the party seeking discovery regarding settlement negotiations must make **a particularized showing that there is a strong need for this information and that it cannot be gained otherwise**." *Id.* (emphasis added).  Once the Court is satisfied that the movant has met the particularized showing requirement, the Court must balance the movant's "asserted interest and need of the documents" against "the effects that may flow from their discovery." *Id.*  Other courts in this Circuit follow similar reasoning for requiring a heightened standard. *See, e.g.*, *AgroFresh Inc. v. Essentiv LLC*, No. 16-662-MN-SRF (2108 WL 9578196 at *2, D. Del. Dec 11, 2018) ("Although the parties do not meaningfully dispute the relevance of the settlement communications to the claims against Decco in the broad context of Rule 26, Decco makes no particularized showing").

In this situation, defendants have not only failed to make a particularized showing as to relevance, they have not even attempted to show why they can't get this information elsewhere.  Indeed, the documents at issue all were either drafted by, sent to, or received from the defendants' own attorney.  Thus, defendants by definition have another means to obtain the information they seek – through themselves. *Compare Kang Haggerty & Fetbroyt, LLC v. Hayes*, No. 17-cv-1295 n.2 (E.D. Pa. July 31, 2018) ("Plaintiff has **no alternative means** to determine what amount, if any, was received by Defendants in the Federal Court Action.") (emphasis added).

Plaintiffs also asserted another objection to defendants' RFAs: that because they concerned defendants' counterclaim for breach of the alleged settlement agreement—which will be subject to a forthcoming motion to dismiss due June 18—defendants' requests were premature.  Given the very serious questions as to admissibility under FRE 408 in this situation, compliance with defendants requests at the minimum should be stayed until the resolution of that motion. *See Higgenbotham v. City of Trenton*, No. 17-4344 (FLW) (DEA) (2018 WL 10483122, at *3 D.N.J. Aug 14, 2018) ("Defendant's statutory right to a set off does not sufficiently demonstrate a particularized need for the disputed settlement agreements **at this juncture of the litigation**.") (emphasis added).

I thank the Court for its consideration.

                    Respectfully submitted,

                    /s/  David D. Lin
                    David D. Lin

cc:  Counsel of record (by ECF)