DAVID D. LIN (N.J. Bar No. 28462003)
LAUREN VALLI (admitted *pro hac vice*)
**LEWIS & LIN, LLC**
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
David@iLawco.com
Lauren@iLawco.com
Telephone: (718) 243 9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*
MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC,<br><br>*Plaintiffs*,<br><br>vs.<br><br>KELLY PHUNG, STUDIO KP LLC, and JOHN DOES #1-8,<br><br>*Defendants*. | Case No: 1:19-cv-13775-NLH-AMD |

### PLAINITFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANTS' KELLY PHUNG AND STUDIO KP LLC COUNTERCLAIM UNDER FEDERAL RULE OF CIVIL PROCUEDRE 12(b)(6)

# Table of Contents

**Table of Authorities**…………...…..………………………………...……ii

**PRELIMINARY STATEMENT**………………………………………… 1

**RELEVANT FACTS**………………………………………………………1

**ARGUMENT**……………………………………………………………..3

    I.    **This Action Should Be Dismissed for Failure to State a Claim**……………………………………………………………...3

        a.  **The Counterclaim for Breach of Contract Should Be Dismissed for Failure to State a Cause of Action**……….3

           i.  **The Settlement Agreement Was Never Finalized**……………………………………….....5

          ii.  **There Was No Meeting of the Minds Regarding Essential Terms And Consequently No Acceptance**……………………………………….5

    **CONCLUSION**………………………………………….………….…8

Table of Authorities

Cases

*Abramowitz v. Tropicana Atl. City Corp.*, No. CV 15-1694 (JS), 2017 WL 1041162 (D.N.J. Mar. 17, 2017), *aff'd*, 750 F. App'x 109 (3d Cir. 2018)……………………………………………………………………………4
*Barton v. Mid-Atlantic Flooring Ventures Inc.*, 2016 WL 4119803 (D.N.J. Aug. 1, 2016)………………………………………………………………….......6
*Fletcher—Harlee Corp. v. Pote Construction Contractors, Inc.*, 421 F.Supp.2d 831(D.N.J.2006), *aff'd*, 482 F.3d 247 (3d Cir.2007)…………......5
*G.I. Sportz, Inc. v. Valken, Inc.*, No. 116CV07170 (NLH) (KMW), 2018 WL 3105414 (D.N.J. June 25, 2018)……………………………………..……4
*Higbee v. Sentry Insurance Co.*, 253 F.3d 994 (7th Cir. 2001)……………...7
*Hills v. Bank of Am.*, No. CIV.A. 13-4960 ES JA, 2014 WL 4113131 (D.N.J. June 30, 2014)……………………………………………………….....4, 8
*In re Cho*, 581 B.R. 452 (Bankr. D. Md. 2018)…………………………….7
*Interlink Grp. Corp. USA v. Am. Trade & Fin. Corp.*, C.A. No. 12-6179 (JBC), 2014 WL 3578748……………………………………………….....4
*Katsiavrias v. Cendant Corp.*, No. CIV.A.06-4465 (SDW), 2009 WL 872172 (D.N.J. Mar. 30, 2009)……………………………….………….5
*Khorchid v. 7-Eleven, Inc.*, No. CV 18-8525 (JBS/JS), 2018 WL 5149643 (D.N.J. Oct. 22, 2018)……………………………………………………....3
*Luscko v. S. Container Corp.*, 408 Fed. Appx. 631 (3d Cir. 2010)………….4
*U.S. v. Lightman*, 988 F. Supp. 448 (D.N.J. 1997)…………………..….….4
*Schultz v. Verizon Wireless Servs., LLC*, 833 F.3d 975 (8th Cir. 2016)…..…7
*Weichert Co. Realtors v. Ryan,* 128 N.J. 427, 608 A.2d 280 (N.J.1992)……………………………………………………………….5, 6

Rules

Fed. R. Civ. P. 12(b)(6)………………………………………………………1,3

Treatises

Restatement (Second) of Contracts § 71…………………………………5

Plaintiffs Michael Sciore ("Mr. Sciore") and Old City Pretzel Company, LLC ("Ardiente," collectively with Mr. Sciore, "Plaintiffs"), by and through their undersigned counsel herein move to dismiss Defendants' Kelly Phung ("Defendant Phung") and Studio KP LLC ("Defendant Studio KP," collectively with Defendant Phung, "Defendants") counterclaim (the "Counterclaim") for failure to state a cause of action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and such other and further relief as this Court may deem just and proper.

## PRELIMINARY STATEMENT

Defendants' counterclaim for breach of contract as to the alleged settlement agreement entered into between the parties is not only a last-resort attempt to seek a remedy for a contract that was never formed, but it is vindictive and harassing after the this Court has refused to enforce that very settlement agreement in a related case.[1] This is the third attempt by Defendants to seek relief regarding a settlement agreement that was never agreed to by Plaintiffs. The Court should dismiss Defendants' Counterclaim.

## RELEVANT FACTS

Defendants filed the Counterclaim on March 30, 2020 for breach of

---

[1] *Sciore v. Phung*, 2019 WL 4126651, No. 18-cv-13220 (NLH) (AMD) (D.N.J. Aug. 30, 2019)

1

contract relating to a settlement agreement the parties alleged to have entered into relating to the First Action (as defined in the Counterclaim). *See* Counterclaim ¶¶2-3; *see* Certification of David D. Lin, Esq. dated June 18, 2020 (the "Lin Cert.") at **Exhibit A**, filed contemporaneously herewith. Shortly after Plaintiffs filed the First Action, the parties engaged in preliminary discussions concerning a possible resolution of the case. *See* Counterclaim at ¶¶ 20-24. Subsequent to these discussions, Mr. Lin indicated that he would prepare an agreement, but that his client would need review it prior to sharing it with Defendants' counsel. *See* Counterclaim at ¶¶ 25-26. At no point at this time, or at any time for that matter, did the parties agree to the "mutual releases/non-disparagement" that Defendants' counsel sought. *See* Counterclaim at ¶ 26. Accordingly, on October 1, 2018, Plaintiffs sent a proposed settlement agreement to Defendants. *See* Counterclaim at ¶ 26. The draft settlement agreement included a non-disparagement clause as to Defendants and no release language. *See* Counterclaim at ¶¶ 27-28; Exhibit C to the Counterclaim at pages 4-5. More than one week later on October 9, 2018, counsel for Defendants responded to Plaintiffs' October 1 email and sent a revised settlement draft that had changes to the release and non-disparagement provisions. *See* Counterclaim at ¶29; Exhibit D to the Counterclaim. Plaintiffs did not accept these terms

2

and instead chose to dismiss the action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* Counterclaim at ¶ 30.

## ARGUMENT

### I. This Action Should Be Dismissed for Failure to State a Claim.

Although a court on a motion to dismiss pursuant to Fed. Civ. P. R. 12(b)(6) "must accept as true all factual allegations in a complaint, that tenant is inapplicable to legal conclusions, and a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Khorchid v. 7-Eleven, Inc.*, No. CV 18-8525 (JBS/JS), 2018 WL 5149643, at *4 (D.N.J. Oct. 22, 2018) (internal quotations and citations omitted.) Further, only well-pleaded allegations are taken as true and viewed most favorable to the plaintiff, while unsupported conclusory statements are disregarded. *Id*. Here, even using this liberal standard, Defendants' Counterclaim not only fails to allege the requisite facts needed to state a claim for breach of contract, but is also riddled with bare legal conclusions.

### a. The Counterclaim for Breach of Contract Should Be Dismissed for Failure to State a Cause of Action.

Defendants have failed to state a cause of action for breach of contract regarding the alleged settlement agreement. Accordingly, the Counterclaim should be dismissed with prejudice in its entirety. "Under New Jersey law, a plaintiff seeking to recover for breach of contract must allege the

following elements: (1) the existence of a valid contract between the parties; (2) the breach of contract by defendant; and (3) plaintiff's injury as result of the breach." *Abramowitz v. Tropicana Atl. City Corp.*, No. CV 15-1694 (JS), 2017 WL 1041162, at *8 (D.N.J. Mar. 17, 2017), *aff'd*, 750 F. App'x 109 (3d Cir. 2018) (citing *Luscko v. S. Container Corp.*, 408 Fed. Appx. 631, 636 (3d Cir. 2010) (citations omitted)). "To prove the existence of a valid contract, plaintiff must establish 'mutual assent, consideration, legality of object, capacity of the parties and formality of memorialization.'" *Id.* (quoting *Interlink Grp. Corp. USA v. Am. Trade & Fin. Corp.*, C.A. No. 12-6179 (JBC), 2014 WL 3578748, at *5 (D.N.J. July 18, 2014) (citation omitted)); *see also G.I. Sportz, Inc. v. Valken, Inc.*, No. 116CV07170 (NLH) (KMW), 2018 WL 3105414, at *2 (D.N.J. June 25, 2018) (citing *U.S. v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997)) (It is well settled that an agreement is enforceable only "if the parties agree on essential terms and manifest an intention to be bound by those terms" and "[w]here the parties do not agree on one or more essential terms, however, courts generally hold that the agreement is unenforceable.") Other courts in this District have explained that "[a] valid 'contract arises from offer and acceptance, and must be sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty.'" *Hills v. Bank of Am.*,

4

No. CIV.A. 13-4960 ES JA, 2014 WL 4113131, at *4 (D.N.J. June 30, 2014) (quoting *Weichert Co. Realtors v. Ryan,* 128 N.J. 427, 608 A.2d 280, 284 (N.J.1992) (citation and quotation marks omitted)). "'As to acceptance, it is a requisite that there be an unqualified acceptance to conclude the manifestation of assent.'" *Id*. (quoting *Weichert*, 608 A.2d at 284 (citation and quotation marks omitted)). "An offeree may manifest assent to the terms of an offer through words, creating an express or implied contract." *Id*. (citing Restatement (Second) of Contracts § 71).

    i.    **<u>The Settlement Agreement Was Never Finalized.</u>**

Here, Plaintiffs are alleged to have breached a settlement agreement, which resulted from the filing of the First Action. However, Defendants have not made the requisite showing that a valid agreement was in fact formed. Where, like in the case at hand, parties intend to be bound only by an executed, formal contract, an enforceable contract does not exist even if there is agreement on some terms. *Katsiavrias v. Cendant Corp*., No. CIV.A.06-4465 (SDW), 2009 WL 872172, at *3 (D.N.J. Mar. 30, 2009) (citing *Fletcher—Harlee Corp. v. Pote Construction Contractors, Inc*., 421 F.Supp.2d 831, 834 (D.N.J.2006), *aff'd,* 482 F.3d 247 (3d Cir.2007)). Defendants do not allege, nor could they, that the parties ever executed any formal agreement. But as each party's draft agreements suggest, both parties

5

required (i) a written settlement agreement to be executed by both sides to become effective (Exhibit C to the Counterclaim at pages 1, 4, Exhibit D to the Counterclaim at pages 1, 4); (ii) plaintiffs would only file a notice of withdrawal with prejudice within three days of the Effective Date of an executed agreement (Exhibit C to the Counterclaim at § 3 (Withdrawal of Action), Exhibit D to the Counterclaim at § 3 (same)); and that (iii) only a fully executed and finalized settlement agreement would serve as the entire agreement between the parties (Exhibit C to the Counterclaim at § 5 (Integrated Agreement), Exhibit D to the Counterclaim at § 6 (same)). Thus, there was no valid agreement and the Counterclaim must be dismissed.

> ii. **There Was No Meeting of the Minds Regarding Essential Terms And Consequently No Acceptance.**

Furthermore, the Defendants do not demonstrate that there was mutual assent as to key, material terms. *See Wiechert Co.*, supra at 284. In fact, the Counterclaim plainly states the opposite. It is well settled that the release is a material term of a settlement and that in the absence of agreement on the release there is neither a meeting of the minds nor a binding settlement agreement. *See Barton v. Mid-Atlantic Flooring Ventures Inc.*, 2016 WL 4119803 at *4-5 (D.N.J. Aug. 1, 2016). Courts have also found non-disparagement provisions are material terms in a settlement agreement. *See, e.g., Higbee v. Sentry Insurance Co.*, 253 F.3d 994 (7th Cir. 2001) (finding

6

non-disparagement and release provisions were material terms); *Schultz v. Verizon Wireless Servs., LLC*, 833 F.3d 975, 979 (8th Cir. 2016) (finding defendant's insistence on inclusion of a mutual non-disparagement clause, and subsequent breakdown of negotiations when plaintiff refused to agree to that term "conclusively established" it was material and finding no error in district court's finding no enforceable settlement agreement); *In re Cho*, 581 B.R. 452, 463 (Bankr. D. Md. 2018) (collecting cases). Defendants' Counterclaim alleges that on September 30, 2018 their counsel informed Mr. Lin that they wanted mutual releases and non-disparagement clauses. *See* Counterclaim at ¶24. In no way did Plaintiffs agree to those clauses at that point, or any time after. Mr. Lin informed Defendants' counsel that he would first need to have Plaintiffs review his draft agreement. *See* Counterclaim at ¶ 26. Subsequent to that email exchange, there was a draft of the proposed settlement agreement circulated among counsel – first sent by Mr. Lin on October 1 and then revised and shared by Defendants' counsel eight days later. *See* Counterclaim at ¶¶ 27, 29. The Counterclaim alleges that these drafts contained different non-disparagement and release clauses. *See* Counterclaim at ¶ 28. In fact, the Counterclaim itself refers to the release as being "contemplated." *See* Counterclaim at ¶40. Where there was no mutual assent, there could not have been any acceptance. *Hills*, 2014 WL 4113131,

7

at *4. Accordingly, by Defendants' own allegations, there could not have been a mutual assent or meeting of the minds, no acceptance, and ultimately, no claim for breach of contract.

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that the Court issue an order dismissing the Counterclaim in its entirety as set forth above and grant other and further relief as may be just, proper, and equitable.

Dated:   June 18, 2020
         Brooklyn, New York

                                LEWIS & LIN LLC


                                By:   /s/ David D. Lin
                                      David D. Lin (N.J. Bar No. 28462003)
                                      Lauren Valli (admitted pro hac vice)
                                      81 Prospect Street
                                      Suite 8001
                                      Brooklyn, NY 11201
                                      Tel: (718) 243-9323
                                      Fax: (718) 243-9326
                                      David@iLawco.com
                                      Lauren@iLawco.com

                                      *Attorneys for Plaintiffs*

8