DAVID D. LIN (02846-2003)

LAUREN VALLI (admitted *pro hac vice*)

**LEWIS & LIN, LLC**

81Prospect Street, Suite 8001

Brooklyn, NY 11201

David@iLawco.com

Lauren@iLawco.com

Telephone: (718) 243-9323

Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*

MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC,<br><br>        *Plaintiffs*,<br><br> vs.<br><br>KELLY PHUNG, STUDIO KP LLC, PETER LY, RACHELE TRAN, SIDNEY TRAN, MICHELLE NGUYEN TRAN, IRINE TRAN, THAO TRAN, JOHN DOE #7, AND KEVIN CHING.<br><br>        *Defendants*. | Case No: 1:19-cv-13775-NLH-AMD<br><br>**FIRST AMENDED COMPLAINT** |

KELLY PHUNG, STUDIO KP
LLC,

        *Counterclaimants,*

    vs.

MICHAEL SCIORE and OLD
CITY PRETZEL COMPANY,
LLC,

        *Counter-Defendants.*

Plaintiffs Michael Sciore ("Mr. Sciore" or "Plaintiff Sciore") and Old

City Pretzel Company, LLC formerly doing business as Ardiente ("Plaintiff

Ardiente," collectively with Mr. Sciore, "Plaintiffs") by their attorneys Lewis

& Lin, LLC, for their complaint against Defendants Kelly Phung ("Defendant

Phung), Studio KP, LLC ("Defendant Studio KP", collectively with Defendant

Phung, the "Phung Defendants"), Peter Ly, Rachele Tran, Sidney Tran,

Michelle Nguyen Tran, Irine Tran, Thao Tran, John Doe #7, and Kevin Ching

(collectively, "Non-Phung Defendants" and collectively with the Phung

Defendants, the "Defendants"), allege as follows:

## STATEMENT OF CASE

1.      This is an action for recovery of damages and injunctive relief

arising from blatant acts of defamation and tortious interference with contracts, in

connection with the persistent publishing of defamatory reviews by the Non-Phung

Defendants on Yelp.com regarding Plaintiffs, along with breach of contract for violation of a settlement agreement by the Phung Defendants.

2.      The Non-Phung Defendants created, or caused to be created, reviews for the purpose of publishing false and defamatory statements (the "Defamatory Reviews"). The Non-Phung Defendants' Defamatory Reviews, upon information and belief, were viewed by thousands of visitors, and Plaintiffs continue to feel the damaging effects of the Non-Phung Defendants' false statements.

3.      The Phung Defendants' knowingly breached a confidentiality provision of a settlement agreement entered into with Plaintiffs.

4.      As a result of Defendants' misconduct, Plaintiffs have been and continue to be substantially and irreparably harmed.

## **PARTIES**

5.      Plaintiff Michael Sciore is an entrepreneur who has built a well-respected business providing Spanish-language radio programming to the Southern New Jersey-Philadelphia metropolitan area. In addition to these business pursuits, Mr. Sciore opened and recently closed a restaurant, Ardiente, in Old Town, Philadelphia. Mr. Sciore is domiciled at 5 Cobalt Court, Swedesboro, New Jersey and a citizen of the State of New Jersey.

6.      Ardiente is the registered fictitious name for Old City Pretzel Corporation, LLC, a limited liability company of which Plaintiff Sciore was the

sole member. Ardiente was a restaurant located at 33 South 2nd Street, Philadelphia, Pennsylvania 19106. Because Plaintiff Sciore was the sole member of Ardiente, and he is domiciled in New Jersey, Plaintiff Ardiente then is a citizen of the State of New Jersey for jurisdictional purposes.

7.      On information and belief, Defendant Kelly Phung is domiciled at 3419 Tuscany Drive, Philadelphia and a citizen of the Commonwealth of Pennsylvania.

8.      Defendant Studio KP, LLC is a limited liability company maintaining an address and principal place of business of 1630 South Walnut Street, 2nd Floor, Philadelphia, Pennsylvania 19103. Upon information and belief, Defendant Phung is an employee and the sole member of Defendant Studio KP, LLC.

9.      On information and belief, Defendant Peter Ly is domiciled at 3419 Tuscany Drive, Philadelphia, PA 19145 and a citizen of the Commonwealth of Pennsylvania.

10.     On information and belief, Defendant Rachele Tran is domiciled at 2237 S. 15th Street, Philadelphia, PA, 19145 and a citizen of the Commonwealth of Pennsylvania.

11.     On information and belief, Defendant Sidney Tran is domiciled at 2237 S. 15th Street, Philadelphia, PA, 19145 and a citizen of the Commonwealth of

Pennsylvania.

12.     On information and belief, Michelle Nguyen Tran is domiciled at

136 Cambridge Drive, Glen Mills, PA 19342 and a citizen of the Commonwealth

of Pennsylvania.

13.     On information and belief, Defendant Irine Tran is domiciled at 2237

S. 15th Street, Philadelphia, PA, 19145 and a citizen of the Commonwealth of

Pennsylvania.

14.     On information and belief, Defendant Thao Tran is domiciled at 626

Reed Street, Philadelphia, PA, 19147 and a citizen of the Commonwealth of

Pennsylvania.

15.     The true name and capacity of the Defendant sued herein as

Defendant John Doe #7 are unknown to Plaintiffs, who sue this defendant under

such fictitious names. Defendant John Doe #7 created and maintained the Internet-

based, Dip N. Defamatory Review denigrating Plaintiffs on Plaintiff Ardiente's

Yelp.com profile. The Dip N. Defamatory Review does not provide contact

information for its John Doe author, and Yelp.com has refused to provide the

Defendant's contact information. If necessary and after discovery, Plaintiffs will

seek leave of court to amend this Complaint to state Defendant John Doe # 7's true

name when it is ascertained.

16.     On information and belief, Defendant Kevin Ching is domiciled at

1309 South Reese Street, Philadelphia, PA 19147 and a citizen of the
Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over the subject matter of this action
pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different
states and the amount in controversy exceeds $75,000.

18.     This Court has personal jurisdiction over the Defendants because they
subjected themselves to this Court's jurisdiction by invoking the benefits and
protections of this State in an attempt to cause harm within the State. The Non-
Phung Defendants' false and injurious Defamatory Reviews specifically targeted
and identified Plaintiffs and have caused injury within the State. Thus, personal
jurisdiction over John Does #7 is also proper. This Court has further personal
jurisdiction over the Phung Defendants because of the breach of the Settlement
Agreement (defined below) has caused injury within the State.

19.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1)
and (2).

## BACKGROUND COMMON TO ALL CLAIMS

20.     Plaintiff Sciore operated a restaurant, Plaintiff Ardiente.

21.     Mr. Sciore is a respected businessman and member of the
Philadelphia and Southern New Jersey communities, particularly the Spanish-

speaking communities. Mr. Sciore has a long history of success owning and running Spanish-language radio in these communities.  Mr. Sciore opened, and recently closed, a restaurant in the Old Town neighborhood of Philadelphia.

22.     Plaintiff Ardiente was a Latin-Asian fusion restaurant which Mr. Sciore has recently been forced to close.

23.      Plaintiff Ardiente had a Yelp.com profile where diners or customers can post reviews Plaintiff's profile is located at:

- https://www.yelp.com/biz/ardiente-philadelphia

24.     In the approximately two months it had been in business prior to the events underlying this Complaint, Aridente had received stellar reviews on Yelp.com.

25.      However, Plaintiffs acknowledge that as with many restaurants, some customers will unfortunately find that their meals, drinks, or overall experience may not live up to their expectations.

26.      While most of Plaintiffs' customers have shared their opinions in a lawful and reasonable manner, a handful of disgruntled Ardiente customers have chosen to voice false and defamatory accusations on Yelp, as described below.

### The Peter L. Defamatory Review

27.     On or about July 7, 2018, Defendant Peter Ly, with the username "Peter L," directed the authoring of a harassing and defamatory user review of

7

Plaintiffs on Yelp.com (formerly accessible to the public on the Internet at

https://www.yelp.com/biz/ardiente-

philadelphia?hrid=Q7Q9FPEFjh1BANIZYp0LvQ&utm_campaign=www_review_s

hare_popup &utm_medium=copy_link&utm_source=(direct)) (the "Peter L.

Defamatory Review").

28.     Specifically, the Peter L. Defamatory Review stated as follows:

> Not highly recommended for having parties, birthdays, or any type of events here **because they will run out of food even though they say it's "unlimited"(you'll be lucky if you even get enough food to begin with).** A friend of ours planned a birthday dinner here a month in advance for her husband and a group of 40 people. As promised, there will be unlimited food but drinks will be charged separately by the establishment. As the night started, everyone's ordering drinks and having a good time until food started coming out. There was countless number of carbs and veggie dishes of the same 3-4 items but when we had meats come out, it was literally 4 people to 2 pieces of chicken or 4 people to 1 piece of rib. Let alone there wasn't even enough meats to be given to each person for them to say "we ran out". After confronting the owner, he goes I understand  this table didn't get it, but do understand what the other tables got
>
> (LOL Tf exactly), what does that have to do with the table that didn't get jack sh*t? Mind you it was suppose to be unlimited food since it was a preset menu, but they "ran out". Also to mention, the meats, portioned for mice, took nearly 45 mins to come out following the countless UNLIMITED

amount of carb dishes (i get it  restaurants that do this is trying to get you full before the meats come out), but again, the meats that came out wasn't even enough to begin with. Finally, the bill came out close to $5000 for  having mediocre drinks, unlimited carbs and grass, and 2 pieces of meat for 40 people to share. After reducing the price, it came to 100 a person, in which still can't be justified for what was given to us. At the end, following the dispute, they had the audacity to just bring two plates of ribs when everyone had already lost their appetite from waiting too long, and yes it was left there and no one ate anyone it. Following the whole "party" many of us went  and got pizza because we were obviously still hungry. Def not a place to go with this type of hospitality. [Emphasis added].

29.     The Peter L. Defamatory Review is false. Defendant Peter Ly directed the dissemination of the Peter L. Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

30.     The above statements are knowingly and materially false and were made to defame the Plaintiffs.

31.     Upon information and belief, Defendant Peter Ly published the Peter L. Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing them to lose revenue as the statements in the Third Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, and treatment of their clients—all key aspects of Plaintiffs' business and factors that any diner considers before choosing where to eat.

9

32.     It is not possible that the allegations in the Peter L. Defamatory Review are true. Plaintiff Ardiente provided the services and goods for which it was hired, namely a tasting menu for a private birthday party.

33.     Accordingly, the Peter L. Defamatory Review is undeniably false.

## The Rachele B. Defamatory Review

34.     On or about July 8, 2018, Defendant Rachele Tran, with the username "Rachele B.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (formerly accessible to the public on the Internet at https://www.yelp.com/biz/ardiente-philadelphia?hrid=3Fchh2I1eAuDX2Syimi9rQ&utm_campaign=www_review_shar e_popup&ut m_medium=copy_link&utm_source=(direct)) (the "Rachele B. Defamatory Review"), concerning Plaintiffs.

35.     Specifically, the Rachele B. Defamatory Review stated as follows:

> Can't say I'll be coming back to this restaurant. My friends and I did the tasting menu. Food was more salty than I'd prefer. Alcoholic beverages seemed really watered down. Each course came out in small portions. We were under the impression it was unlimited, but when we asked for more food, our waiter seemed reluctant. **Interestingly enough, they seemed reluctant to give us our bill too as it took nearly 45 minutes to get. Then we realized they accidentally overcharged us by $570!** Overall, not a good experience and do not recommend. [Emphasis

added].

36.     The Rachele B. Defamatory Review is false. Defendant Rachele Tran directed the dissemination of the Rachele B. Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

37.     The above statements are knowingly and materially false and were made to defame the Plaintiffs.

38.     Upon information and belief, Defendant Rachele Tran published the Rachele B. Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Rachele B. Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, and treatment of their clients – all key aspects of Plaintiffs' business and factors that any diner considered before choosing where to eat.

39.     It is not possible that the allegations in the Rachele B. Defamatory Review are true. Plaintiff Ardiente had genuine reviews posted on the Yelp page associated with its business. Plaintiff Ardiente was not "reluctant" to provide the bill. Plaintiff Ardiente correctly charged the individual(s) responsible for the bill.

40.     Accordingly, the Rachele B. Defamatory Review is undeniably false.

**The Sidney T. Defamatory Review**

41.     On or about July 11, 2018, Defendant Sidney Tran, with the

username "Sidney T.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (formerly accessible to the public on the Internet at https://www.yelp.com/biz/ardiente-philadelphia?hrid=A6Jb8d8Bx31I5RfkmklsoA&utm_campaign=www_review_share_popup&ut m_medium=copy_link&utm_source=(direct)) (the "Sidney T. Defamatory Review").

42.    Specifically, the Sidney T. Defamatory Review stated as follows:

> THIS PLACE SUCKS.
>
> I did the tasting menu, which was suppose to be unlimited but believe me when I say you don't even get to taste some of the food **because they "magically" run out when it comes to the meats (chicken and ribs in particular). But they never run out of fried rice or vegetables... I wonder why? because shit is cheaper.**
>
> With that being said, if you're looking to pay $60+ for extremely small portions of vegetables, fried rice, and a small piece of meat to share with your friends that no one can get full of come here. [Emphasis added].

43.    The Sidney T. Defamatory Review is false. Defendant Sidney Tran directed the dissemination of the Sidney T. Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about the Plaintiffs.

44.    The above statements are knowingly and materially false and were

made to defame the Plaintiffs.

45.     Upon information and belief, Defendant Sidney Tran published the Sidney T. Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Sidney T. Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, and treatment of their clients— all key aspects of Plaintiffs' business and factors that any diner considers before choosing where to eat.

46.     It is not possible that Plaintiffs engaged in the conduct alleged in the Sidney T. Defamatory Review. Plaintiff Ardiente had genuine reviews posted on the Yelp page associated with its business. Plaintiff Ardiente provided the services and goods for which it was hired, namely a tasting menu for a private birthday party.

47.     Accordingly, the Sidney T. Defamatory Review is undeniably false.

## The Michelle T. Defamatory Review

48.     On or about July 12, 2018, Defendant Michelle Nguyen Tran, with the username "Michelle T.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (formerly accessible to the public on the Internet at https://www.yelp.com/biz/ardiente-philadelphia?hrid=ZbNkXqybaOJm_KF3r6a1kQ&utm_campaign=www_review_share_popup& utm_medium=copy_link&utm_source=(direct)) (the "Michelle

T. Defamatory Review").

49.     Specifically, the Michelle T. Defamatory Review stated as follows:

> Save your time and your money!!! **We spent 4 hours here (at least 2 of them waiting for service) just to receive some subpar food and nasty attitudes from the   wait staff and "manager" who turns out to be the owner!? You know its gotta be good when the owner won't even admit to being an owner!!!!** Our appetizer portion sized
>
> "entrees" took approximately 45 minutes to trickle out after all of our sides had been served! When confronted about  the unlimited tasting menu, the "manager" Mike's response was "it isn't unlimited forever!" Apparently in this particular establishment, unlimited means that some of your guests get to taste while others get to watch the others taste! After about 10 minutes of mind-numbing and pointless conversation, we asked for our check whick took another 30-45 minutes for us to receive! We went down the  street to get pizza afterwards because we were still HUNGRY after spending $100 per person on food and drinks!! So please, don't walk, RUN to any other restaurant in the city! [Emphasis added].

50.     The Michelle T. Defamatory Review is false. Defendant Michelle

Nguyen Tran directed the dissemination of the Michelle T. Defamatory Review in

such a fashion that no reasonable person would believe that the statements made

therein were opinion, but rather statements of fact about Plaintiffs.

51.     The above statements are knowingly and materially false and were

made to defame Plaintiffs.

52.     Upon information and belief, Defendant Michelle Nguyen Tran published the Michelle T. Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Michelle T. Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, and treatment of their clients—all key aspects of Plaintiffs' business and factors that any diner considers before choosing where to eat.

53.     It is not possible that the allegations in the Michelle T. Defamatory Review are true. Plaintiff Ardiente provided the services and goods for which it was hired, namely a tasting menu for a private birthday party. Further, Plaintiff Sciore never denied being the owner of Plaintiff Ardiente.

54.     Accordingly, the Michelle T. Defamatory Review is undeniably false.

## **The Irine T. Defamatory Review**

55.     On or about July 12, 2018, Defendant Irine Tran, with the username "Irine T.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (formerly accessible to the public on the Internet at https://www.yelp.com/biz/ardiente-philadelphia?hrid=kqY0tPd5o2tfGDnszcRBUw&utm_campaign=www_review_sha re_popup&u tm_medium=copy_link&utm_source=(direct)) (the "Irine T.

Defamatory Review").

56.     Specifically, the Irine T. Defamatory Review stated as follows:

So I planned my husband a surprise birthday dinner at this restaurant a month in advance. I talked to the executive chef, Nahid to plan the surprise and he stated 'As I said before, if there is any item someone really likes, you can have repeats of as many items as you want.' What he stated wasn't what we got. The food portion was very very small and little. It was like 10 people sharing one piece of reese cup. Thats how small it was. None of my guest had a great time. The food came out slow and wasn't great. When we asked for more food they said they ran out. How can you run out of food when the portion you serve was so little and you knew in advance that it's a big party? After being at the restaurant for over 4 hours, the owner Mike came over to ask us how everything was. **We told him we didn't enjoy the food and that whatever was stated in the email wasn't promised. Mike was very rude and  cocky. Instead of attempting to resolve the problem, he walked away.** At that point, we just wanted to leave so we asked  for the bill. Just so you know we didn't even have dessert yet. It was that bad that we wanted to just pay the bill and leave. It took them forever to give us the bill. Like FOREVER. After we paid the bill, we realized that they over charged my party $570 so we went back in to tell them and initially they told us we were wrong but eventually, we were able to get our refund back. Would i ever walk back into this place? My answer is no, NEVER. Would I recommend people to come here? Not at all! What was supposed to be a happy and enjoyable dinner for  my husband's birthday turned out to be disastrous and disappointing thanks to Ardiente Restaurant. [Emphasis added.]

57.     The Irine T. Defamatory Review is false. Defendant Irine Tran directed the dissemination of the Irine T. Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

58.      The above statements are knowingly and materially false and were made to defame Plaintiffs.

59.     Upon information and belief, Defendant Irine Tran published the Irine T. Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Irine T. Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, and treatment of their clients— all key aspects of Plaintiffs' business and factors that any diner considers before choosing where to eat.

60.     It is not possible that the allegations in the Irine T. Defamatory Review are true. Plaintiff Ardiente provided the services and goods for which it was hired, namely a tasting menu for a private birthday party. Plaintiff Sciore addressed any concerns of the party-goers.

61.     Accordingly, the Irine T. Defamatory Review is undeniably false.

**The Thao T. Defamatory Review**

62.     On or about July 12, 2018, Defendant Thao Tran, with the username "Thao T.," directed the authoring of a harassing and defamatory user review of

17

Plaintiffs on Yelp.com (formerly accessible to the public on the Internet at https://www.yelp.com/biz/ardiente-philadelphia?hrid=rCJxg7ctsOT-AzuLHN09KA&utm_campaign=www_review_share_popup&utm_medium=copy_l ink&utm_so urce=(direct)) (the "Thao T. Defamatory Review").

63.    Specifically, the Thao T. Defamatory Review stated as follows:

> **This place is terrible!! Not worth your money and certainly not worth your calories!!** Came here with a group of people and did not have a good experience at all. Their portion was very small and distasteful & definitely not filling. Honestly, you're better off ordering from your local chinese corner store. I don't understand the 5 star reviews on here because I've never had such a terrible experience; came here hungry, left still hungry lol. The best thing they had was when i ordered chicken tenders and fries for my daughter haha [Emphasis added].

64.    The Thao T. Defamatory Review is false. Defendant Thao Tran directed the dissemination of the Thao T. Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion, but rather statements of fact about Plaintiffs.

65.    The above statements are knowingly and materially false and were made to defame Plaintiffs.

66.    Upon information and belief, Defendant Thao Tran published the Thao T. Defamatory Review for the sole purpose of harming Plaintiffs' reputation

and causing him to lose revenue as the statements in the Thao T. Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, and treatment of their clients— all key aspects of Plaintiffs' business and factors that any diner considers before choosing where to eat.

67.    It is not possible that the allegations in the Thao T. Defamatory Review are true. Plaintiff Ardiente provided the services and goods for which it was hired, namely a tasting menu for a private birthday party.

68.    Accordingly, the Thao T. Defamatory Review is undeniably false.

### The Dip N. Defamatory Review

69.    On or about July 14, 2018, Defendant John Doe #7, with the username "Dip N.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (formerly accessible to the public on the Internet at https://www.yelp.com/biz/ardiente-philadelphia?hrid=x564zuWuJkuDD2nya1RPLA&utm_campaign=www_review_share_popup& utm_medium=copy_link&utm_source=(direct)) (the "Dip N. Defamatory Review").

70.    Specifically, the Dip N. Defamatory Review stated as follows:

> I came here with my friends for a birthday party. A prefix menu for a large group. The email between the chef and my friend who host the party states the food is unlimited. **Shortly after they brought out the 'one piece of short rib', they RAN OUT of food. RAN OUT, no more food to**

**serve for people. The chef said they were out.** I couldn't understand it since it was a restaurant who stated their food is unlimited...... I asked no more food at all of anything? They told me no. What kind of restaurant doesn't prepare for a big party in addition to their daily business????? I understand the food should take a bit  longer to cook, but they took approx 30-40 mins  for another plate of short ribs. Short ribs take A LONG TIME TO COOK. U telling me they don't have another batch cooking for tomorrow's menu?!?! Unbelievable. The owner came over and asked if everything is okay, I said uh no. There is no more food... he started to ask "what did u guys eat? What time did the food come out? How many minutes did it take?" I couldn't believe it. I really couldn't. **When  we told him some tables didn't get everything on the 'tasting menu' he began to say but they got everything else!!!! HOW IS THAT ACCEPTABLE ?! Tasting menu or not, every table should get what was ordered. Tables didn't get chicken (Dry AF and two quail size pieces to share for 6-8 ppl) and tables didn't get short ribs!** It took them 45 mins to serve another small individual plate of fried rice. 45 mins, are you serious? It's rice for god sakes. RICE. How do I know it was 45 mins? Rice is one of the first dishes they give on the 'tasting menu'.... I ordered another order... it didn't come out until the short ribs came out. And there were a few side dishes in between the rice and ribs. This place is not worth my time or money, not one bit. First and last time I ever step food in this restaurant. [Emphasis added].

71.    The Dip N. Defamatory Review is false. Defendant John Doe #7 directed the dissemination of the Dip N. Defamatory Review in such a fashion that no reasonable person would believe that the statements made therein were opinion,

but rather statements of fact about Plaintiffs.

72.     The above statements are knowingly and materially false and were made to defame Plaintiffs.

73.     Upon information and belief, Defendant John Doe #7 published the Dip N. Defamatory Review for the sole purpose of harming Plaintiffs' reputation and causing him to lose revenue as the statements in the Dip N. Defamatory Review bear directly on Plaintiffs' services, professional capabilities, business practices, and treatment of their clients— all key aspects of Plaintiffs' business and factors that any diner considers before choosing where to eat.

74.     It is not possible that the allegations in the Dip N. Defamatory Review are true. Plaintiff Ardiente provided the services and goods for which it was hired, namely a tasting menu for a private birthday party.

75.     Accordingly, the Dip N. Defamatory Review is undeniably false.

## **The Kevin C. Defamatory Review**

76.     On or about July 15, 2018, Defendant Kevin Ching, with the username "Kevin C.," directed the authoring of a harassing and defamatory user review of Plaintiffs on Yelp.com (formerly accessible to the public on the Internet at https://www.yelp.com/biz/ardiente-philadelphia?hrid=PxNWCdqfON3rN6iuBZUg1g&utm_campaign=www_review_share_popup &utm_medium=copy_link&utm_source=(direct)) (the "Kevin C.

Defamatory Review").

77.     Specifically, the Kevin C. Defamatory Review stated as follows:

> Had high expectations after perusing their menu
> and reading prior reviews beforehand. **However,
> not only was I disappointed but insulted by
> how our party was treated from the owner
> himself. Food itself was mediocre and too salty
> to be palatable.** Our first 5-6 courses of the
> tasting menu consisted of underwhelming
> veggie or carb dishes. The last two courses were
> supposed to be the short ribs and Cornish hen but
> they ran out after serving only a few morsels of
> each. **How this restaurant failed to prepare for
> this event with a month's notice** is beyond me
> and will steer clear from this place indefinitely.
> [Emphasis added].

78.     The Kevin C. Defamatory Review is false. Defendant Kevin Ching

directed the dissemination of the Kevin C. Defamatory Review in such a fashion

that no reasonable person would believe that the statements made therein were

opinion, but rather statements of fact about Plaintiffs.

79.     The above statements are knowingly and materially false and were

made to defame Plaintiffs.

80.     Upon information and belief, Defendant Kevin Ching published the

Kevin C. Defamatory Review for the sole purpose of harming Plaintiffs' reputation

and causing him to lose revenue as the statements in the Kevin C. Defamatory

Review bear directly on Plaintiffs' services, professional capabilities, business

practices, and treatment of their clients— all key aspects of Plaintiffs' business and factors that any diner considers before choosing where to eat.

81.     It is not possible that the allegations in the Kevin C. Defamatory Review are true. Plaintiff Ardiente provided the services and goods for which it was hired, namely a tasting menu for a private birthday party. The food provided was palatable.

82.     Accordingly, the Kevin C. Defamatory Review is undeniably false.

### **Damage to Plaintiffs' Reputations and Business**

83.     Plaintiffs had contractual relationships with their customers and vendors.

84.     The Non-Phung Defendants scripted and caused to be disseminated the above statements in order to interfere with Plaintiffs' contractual relationships with its customers and vendors, and upon information and belief, to injure Plaintiffs' business by inducing Plaintiffs' customers and vendors and prospective diners to cease doing business with Plaintiffs.

85.     Since the appearance of the Defamatory Reviews, several diners have claimed to have read the reviews and have called or messaged to inquire about the truth of the false statements therein and, upon information and belief, cancelled scheduled appointments with Plaintiffs.

86.     As a direct and proximate result of the Non-Phung Defendants'

defamatory conduct described herein, a number of Plaintiffs' customers (or prospective customers) have refused to patronize and/or continue to patronize Plaintiffs' business.

87. The Non-Phung Defendants' campaign to defame and injure Plaintiffs via the Defamatory Reviews has been a direct and proximate cause for Plaintiff Ardiente to close. This damage is in addition to the permanent and irreparable harm to Plaintiff Mr. Sciore's professional and personal reputation that the Non-Phung Defendants' defamatory conduct has caused (and will continue to cause unless enjoined).

## The Settlement Agreement

88. On or about August 24, 2018, Plaintiffs commenced an action in this District against Defendant Phung, Defendant Studio KP, and Defendants John Does #1-8 for claims of defamation and interference with existing and prospective contractual relations by posting false reviews about Plaintiffs. *See* Sciore et al vs. Phung et al, Case No. 1:18-cv-13220. (the "First Action").

89. In around September 2018, the Plaintiffs and Defendants Phung and Studio KP began settlement negotiations and a settlement was reached on or about September 28, 2018 (the "Settlement Agreement").

90. The Settlement Agreement contained a confidentiality provision.

91. As to Plaintiffs, the confidentiality provision was necessary in order to protect future business relationships.

92. On October 9, 2018, Plaintiffs dismissed the First Action without prejudice.

93. Approximately four months after, with no communication from Defendant Phung and Studio KPs' counsel, the defendants filed a motion to enforce the Settlement Agreement in the First Action (the "Motion").

94. The Motion contained the terms of the Settlement Agreement, the drafts of the Settlement Agreement and the communications between the parties containing the negotiations, all of which were supposed to be confidential.

95. Notwithstanding the confidentiality provision, the Motion was not filed under seal.

96. In between the time the First Action was dismissed and the Motion was filed, Defendants Phung and Studio KP did not seek to work out any resolution with Plaintiffs.

97. Instead, under the guise of seeking judicial intervention, and after a prolonged period of time, Defendants Phung and Studio KP intentionally sought to harm Plaintiffs by publicly filing the Settlement Agreement through the Motion.

98. In doing so Defendants knew that others would be able to see its terms.

99. As a result of Defendants Phung and Studio KP's actions, Plaintiffs have been damaged.

100.    Plaintiff Sciore, a successful entrepreneur in the Southern New Jersey-Philadelphia metropolitan area, operated Plaintiff Ardiente, which has now closed.

101.    Upon information and belief, as a result of the Settlement Agreement being filed, Plaintiffs now have strained relationships with its business associates and clients, along with a loss of prospective business associate and clients.

### FIRST CAUSE OF ACTION
### [Defamation Per Se and Trade Libel]
(Plaintiffs as to the Non-Phung Defendants)

102.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 101 as though fully set forth here.

103.    The Non-Phung Defendants have intentionally made knowingly false statements of fact about Plaintiffs via the Defamatory Reviews.

104.    These statements were made maliciously and willfully and were intended to cause harm to Plaintiffs' business and reputation.

105.    The aforementioned statements were false when made and the Non-Phung Defendants knew or should have known that the statements were false when made.

106.    These statements were made maliciously and willfully and were intended to cause harm to Plaintiffs' personal and professional reputation. The statements were made with reckless disregard for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard of the reputation

and rights of the Plaintiffs.

107.    The aforementioned statements where made of and concerning

Plaintiffs and were so understood by those who read the Non-Phung Defendants'

publication of them.

108.    Among other statements, the Non-Phung Defendants falsely accused

Plaintiffs of, *inter alia*, misidentifying himself and not providing the services and

goods they were hired to.

109.    The Non-Phung Defendants' false statements of fact tend to injure

Plaintiffs in their business trade and/or profession.

110.    These statements were false and were published to third parties in

this county and across the Internet.

111.    As a result of the Non-Phung Defendants' acts, Plaintiffs have

suffered irreparable damage to its reputation and further damages in the form of

lost sales and profits, in an amount to be determined at trial.

112.    As a result of the willful and malicious nature of the defamation,

Plaintiffs are entitled to punitive damages.

**SECOND CAUSE OF ACTION**
**[Tortious Interference with Contractual Relations and Prospective**
**Contractual Relations]**
(Plaintiffs as to the Non-Phung Defendants)

113.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through

112 as though fully set forth here.

114.   Plaintiffs had existing contracts with Plaintiffs' customers, vendors, and prospective diners and reasonably expected that its contractual relationships with same would continue into the future.

115.   The Non-Phung Defendants knew of Plaintiffs' contracts.

116.   By the wrongful conduct described above, the Non-Phung Defendants internationally and improperly interfered with Plaintiffs' contracts with Plaintiffs' customers, vendors, and prospective customers and did so with the intent and purpose of damaging Plaintiffs' business and reputation.

117.   The Non-Phung Defendants' interference caused Plaintiffs' customers, vendors, and prospective customers confusion and caused same to cease doing business with Plaintiffs.

118.   As a result of the Non-Phung Defendants' actions, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

119.   Plaintiffs have also suffered and will continue to suffer irreparable harm in the form of damage to their reputations as a result of the Non-Phung Defendants' conduct described herein.

120.   While an award of damages may be adequate to compensate Plaintiffs for the loss of particular contracts or customers, an award of damages will not be adequate to compensate Plaintiffs for the damage to their reputations caused by Defendants. Plaintiffs have suffered and will continue to suffer irreparable harm

unless injunctive relief is granted.

## THIRD CAUSE OF ACTION
### [Breach of Contract]
(Plaintiffs as to the Phung Defendants)

121.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 120 as though fully set forth here.

122.    Plaintiffs and Defendants Phung and Studio KP entered into the Settlement Agreement, a valid contract, which contained a confidentiality provision.

123.    Defendants Phung and Studio KP enjoyed the benefits of the Settlement Agreement and continued to take advantage of it by enforcing its terms.

124.    Notwithstanding, Defendants Phung and Studio KP publicly filed the Settlement Agreement and the Motion on this Court's filing system in violation of the Settlement Agreement's confidentiality provision.

125.    As a result of Defendants Phung and Studio KP's material breach of the Settlement Agreement, Plaintiffs have suffered damages.

126.    By reason of the foregoing, Plaintiffs are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants awarding Plaintiffs:

1.        a Permanent Injunction enjoining and restraining the Non-Phung

Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with the Non-Phung Defendants, from disparaging or otherwise posting defamatory comments about Plaintiffs;

2.      that the Court issue an Order at the conclusion of the present matter directing the Non-Phung Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiffs' reputation;

3.      actual damages in an amount to be determined at trial, than the requisite jurisdictional amount in controversy for suit in this Court due to commercial defamation per se and trade libel, and an order directing the Non-Phung Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with the Non-Phung Defendants, to remove, delete, or otherwise disable such posts;

4.      exemplary or punitive damages in an amount appropriate to punish the Non-Phung Defendants and to make an example of the Non-Phung Defendants to the community;

5.      actual damages in an amount to be determined at trial, but in no event less than $2,000,000, or than the requisite jurisdictional amount in controversy for suit in this Court due to common law tortious interference;

6.      actual damages an amount to be determined at trial but no less than

30

the requisite jurisdictional amount in controversy for suit in this Court due to

breach of contract;

7.          attorney's fees and costs as permitted by law; and

8.          such other relief as the Court deems just and equitable under the

circumstances.


LOCAL CIVIL RULE 11.2

I, David D. Lin, hereby certify pursuant to local Civil Rule 11.2, that

the above captioned matter in controversy is not related to an action pending in any

court, or of any pending arbitration or administrative proceeding.


Dated:          Brooklyn, NY
                February 17, 2021

                              Respectfully submitted,

                              LEWIS & LIN, LLC


                              /s/ David D. Lin
                              David D. Lin (02846-2003)
                              Lauren Valli (admitted *pro hac vice*)
                              81 Prospect Street, Suite 8001
                              Brooklyn, NY 11201
                              David@ilawco.com
                              Lauren@ilawco.com
                              Telephone: (718) 243-9323
                              Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*