David D. Lin (N.J. Bar No. 28462003)
Lauren Valli (admitted *pro hac vice*)
Lewis & Lin, LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@iLawco.com
lauren@iLawco.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC, <br><br> *Plaintiffs*, <br><br> vs. <br><br> KELLY PHUNG, STUDIO KP LLC, PETER LY, RACHELE TRAN, SIDNEY TRAN, MICHELLE NGUYEN TRAN, IRINE TRAN, THAO TRAN, JOHN DOE #7, AND KEVIN CHING, <br><br> *Defendants*. | Case No: 1:19-cv-13775-NLH-AMD |

KELLY PHUNG, STUDIO KP LLC,

    *Counterclaimants,*

vs.

MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC,

    *Counter-Defendants.*

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' KELLY PHUNG AND STUDIO KP MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND THEIR COMPLAINT PURSUAN TO FED. R. CIV. P. 15(a)(2)**

ii

## TABLE OF CONTENTS

Table of Authorities………………………………..……………………..iv
**PRELIMINARY STATEMENT**……………………………………….……..1
**RELEVANT FACTS AND PROCEDURAL HISTORY**………………..…2
**ARGUMENT**……………………………………………………………………3
   A.  **Legal Standard**……………………………………………………3
       1. **Defendants Misrepresent the Court's Findings Regarding the Terms of the Settlement Agreement**…………………………….4
       2. **Plaintiffs are not Precluded from Bringing their Breach of Contract Claim**……………………………………………………4
       3. **Judicial Estoppel is Not Applicable to the Situation at Hand**……..6
       4. **This Court's Order Permitted Plaintiffs to Amend their Complaint to Include Count III**………………..……………………………………………………...7
   B. **In the alternative, this Court should Grant Leave for Plaintiffs to Re-File the First Amended Complaint**…………………………………..8

    **CONCLUSION**…………………………………………………...….…10

# **TABLE OF AUTHORITIES**

Cases

*Hall v. Borough of Seaside Heights,* No. CV 07-3969 (FLW), 2008 WL 11510571 (D.N.J. July 25, 2008)……………………………………………………………..8
*HUMC Opco LLC v. United Benefit Fund*, No. CV 16-168 (KM), 2016 WL 6634878 (D.N.J. Nov. 7, 2016)…………………………………………...………..3
*Knights Franchise Sys., Inc. v. P.C.P.S. Corp.*, No. 06 Civ. 5243, 2009 WL 3526229 (D.N.J. Oct. 21, 2009), *aff'd*, 420 Fed.Appx. 155 (3d Cir. 2011)………...5
*Long v. Wilson,* 393 F.3d 390 (3d Cir. 2004)……………………...……………9
*Neptune Research & Development, Inc. v. Teknics Indus. Sys.*, Inc., 235 N.J. Super. 522 (App. Div. 1989)…………………………………………………………….5
*Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90 (D.N.J. 2014)…........….3, 8
*Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*, 877 F. Supp. 2d 140 (D.N.J. 2012) *aff'd sub nom. Red Roof Franchising, LLC v. Patel*, 564 Fed.Appx. 685 (3d Cir. 2014)……………………………………………………………….5
*Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA*, No. CIV.A.05-2661(MLC), 2008 WL 4192065 (D.N.J. Sept. 8, 2008)…………………………6, 7
*Wyndham Hotels & Resorts, LLC v. Northstar Mt. Olive, LLC*, No. 10 Civ. 2583, 2013 WL 1314747 (D.N.J. Mar. 28, 2013)…………………...……………….5

Rules

Fed. R. Civ. P. 12(b)(6)……………………………………………………..3, 7
Fed. R. Civ. P. 12(f) …………………………………………………………..3, 4, 8
Fed. R. Civ. P. 15(a) ………………………………………………….....1, 2, 8
Local Civ. R. 15.1(a) ……………………………………………………………9
Local Civ. R. 7.1……………………………………………...………………..1, 8

## PRELIMINARY STATEMENT

Defendants' KELLY PHUNG ("Defendant Phung") and STUDIO KP, LLC ("Defendant Studio KP," collectively with Defendant Phung, "Defendants") Motion to Dismiss (*See* ECF Doc. Nos. 71-71-5) (the "Motion") makes a legally and factually unsound argument that Plaintiffs' MICHAEL SCIORE ("Plaintiff Sciore") and OLD CITY PRETZEL COMPANY, LLC ("Plaintiff Ardiente," collectively with Plaintiff Sciore, "Plaintiffs") First Amended Complaint (*See* ECF Doc. No. 55) (the "Amended Compl.") should be dismissed as to Defendants, or alternatively, stricken.[1]

First, Plaintiffs' claims against Defendants were authorized by this Court in the Opinion and Order dated January 19, 2021 (the "Order"). Defendants deliberately skim past the Order's crucial language that permitted Plaintiffs to file the Amended Compl. with Count III. Plaintiffs are not in violation of Rule 15(a), Local Civil Rule 7.1, or the Order. Second, Defendants fail to correctly state the law in this District concerning performance under a contract and a subsequent allegation of breach of contract. Third, there can be no judicial estoppel where, like here, Plaintiffs only asserted a different position as to the existence of a contract with Defendants simply because the Order concluded that a contract was formed. Defendants put forward no convincing arguments that the Amended Compl. as

---

[1] Defendants fail to attach the Amended Compl. to the Motion.

1

against Defendants should be dismissed or stricken. In the alternative, even if Defendants are correct, this Court should exercise its discretion and permit Plaintiffs to file the Amended Compl. pursuant to Fed. R. Civ. P. 15(a)(2).

## RELEVANT FACTS AND PROCEDURAL HISTORY

On or about August 24, 2018, Plaintiffs commenced an action in this District against Defendant Phung, Defendant Studio KP, and Defendants John Does #1-8 for claims of defamation and interference with existing and prospective contractual relations by posting false reviews about Plaintiffs. *See* Sciore et al vs. Phung et al, Case No. 1:18-cv-13220. (the "First Action"). In around September 2018, the Plaintiffs and Defendants Phung and Studio KP began settlement negotiations and a settlement was reached on or about September 28, 2018 (the "Settlement Agreement"), containing a confidentiality provision. Amend. Complaint at ¶¶ 89, 90. On October 9, 2018, Plaintiffs dismissed the First Action without prejudice. Amend. Complaint at ¶ 92. Then, approximately four months later, without any notice or inclination given, the Defendants filed a motion to enforce the Settlement Agreement in the First Action (the "Motion"). Amend. Complaint at ¶ 93. The Motion contained the terms of the Settlement Agreement, the drafts of the Settlement Agreement and the communications between the parties containing the negotiations, all of which were supposed to be confidential. Amend. Complaint at ¶ 94. The Motion was not filed under seal despite containing confidential

2

information. Amend. Complaint at ¶95. With full knowledge of the terms of confidentiality agreement, Defendants deliberately and intentionally sought to harm Plaintiffs by making the confidential information accessible to the public. Amend. Complaint at ¶ 97. After motion practice ensued in this action and the Court ruled that there was in a settlement agreement reached by the parties, Plaintiffs were then able to bring Claim III against Defendants. *See* the Order.

## ARGUMENT

### A. Legal Standard

"Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff." *HUMC Opco LLC v. United Benefit Fund*, No. CV 16-168 (KM), 2016 WL 6634878, at *2 (D.N.J. Nov. 7, 2016)(internal citations omitted)[2]. Here, taking the allegations of the First Amended as true and in favor of Defendants, the Motion must be denied.

Further, "motions to strike under Rule 12(f) are highly disfavored." *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014)(internal citations and quotations omitted). "Motions to strike are viewed

---

[2] Copies of unpublished decisions are attached the Certification of David D. Lin, Esq. dated April 5, 2021 (the "Lin Decl.").

3

unfavorably because they are frequently brought by the movant simply as a dilatory tactic." *Id.* Here, Plaintiffs properly amended their Complaint consistent with the Order and there is no "redundant, immaterial, impertinent, or scandalous matter" in Claim III. *See* Fed. R. Civ. P. 12(f).

1. **Defendants Misrepresent the Court's Findings Regarding the Terms of the Settlement Agreement.**

Defendants brazenly attempt to speak for the Court when stating in the Motion that the Court "implicitly [held] that confidentiality was not a settlement term." Motion at pg. 7. This is false. The issue about the confidentiality agreement was never before the Court, and the Court did not make a decision as to the full scope of the settlement terms. Instead, the Court simply addressed whether there was a settlement agreement at all. In fact, the confidentiality provision has never been disputed by any party. All of the versions of the Settlement Agreement exchanged contained a confidentiality provision, and no party ever rejected Defendants' agreement to be bound by it. While Defendants may argue that they did not intend to enter into a confidentiality agreement despite the fact that the settlement agreement which they proposed included such language, such an argument is a factual one inappropriate at the motion to dismiss stage.

2. **Plaintiffs are not Precluded from Bringing their Breach of Contract Claim.**

4

Any pre-existing breach of the settlement agreement does not preclude Plaintiffs from asserting Claim III. Under New Jersey law, where a party does not terminate a contract, despite a breach by the other party, they cannot enjoy the benefits of that contract and then later sue for the initial breach. *See Wyndham Hotels & Resorts, LLC v. Northstar Mt. Olive, LLC*, No. 10 Civ. 2583, 2013 WL 1314747, at *9 (D.N.J. Mar. 28, 2013) ("[Defendants] are barred from asserting Plaintiff's alleged breach of the [Franchise] Agreement as an affirmative defense to liability" since "Defendants did not pay Recurring fees to Plaintiff, even as they continued to operate their hotel as a Wyndham franchise"); s*ee also Red Roof Franchising, LLC v. AA Hosp. Northshore, LLC*, 877 F. Supp. 2d 140, 152 (D.N.J. 2012) *aff'd sub nom. Red Roof Franchising, LLC v. Patel*, 564 Fed.Appx. 685 (3d Cir. 2014)(Defendant was obligated to perform under a franchise agreement even though it was first breached by Plaintiffs because Defendant enjoyed the benefits of it); *see also Knights Franchise Sys., Inc. v. P.C.P.S. Corp.*, No. 06 Civ. 5243, 2009 WL 3526229, at *3 (D.N.J. Oct. 21, 2009), *aff'd*, 420 Fed.Appx. 155 (3d Cir. 2011). The case provided by Defendants and the very quotation they cite to alludes to this same point. *See Neptune Research & Development, Inc. v. Teknics Indus. Sys.*, Inc., 235 N.J. Super. 522, 531 (App. Div. 1989) ("If the breach is material, i.e., goes to the essence of the contract, the non-breaching party may treat the contract as terminated and refuse to render continued performance." (citations

5

omitted)). Here, even if Plaintiffs first did breach the Settlement Agreement by not dismissing the First Action with prejudice as Defendants claimed in the First Action, Defendants engaged in self-help by themselves while trying to *enforce* the Settlement Agreement. They did not terminate the Settlement Agreement but sought to enjoy its benefits. While doing that they breached it by publicly filing the Settlement Agreement and related papers despite the confidentiality provision. Accordingly, Defendants' own actions have precluded them from making the argument that Plaintiffs do not have a claim for breach of contract because they breached it first.

3. **Judicial Estoppel is Not Applicable to the Situation at Hand.**

Plaintiffs have not taken an inconsistent position on the existence of a settlement agreement. While Plaintiffs have previously asserted that no settlement agreement had been reached, the Court decided otherwise. Accordingly, as now permitted by the decision of the Court, Plaintiffs asserted Claim III for breach of the existent Settlement Agreement. There can be no bad faith. Nor is there any "express concession that the settlement agreement was binding and enforceable all along," by the Plaintiffs. Motion at pg. 11. The Court issued an Order stating that a settlement agreement was reached; Plaintiffs did not concede such before the Order was entered.

6

Unlike the Defendants' bold assertion that there is "no daylight" between Plaintiffs' actions in this matter and the *Visual Interactive* case, the two actions could not be more different. Motion at pg. 11. In *Visual Interactive,* the Plaintiff brought two separate actions pending at the same time in front of two different courts alleging two different theories regarding an agreement. *See generally, Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA*, No. CIV.A.05-2661(MLC), 2008 WL 4192065 (D.N.J. Sept. 8, 2008). Nothing even remotely like that happened here. This Court issued the Order and Plaintiffs, who have been aggrieved by Defendants, are asserting a claim based on the Court's findings.

Further, Fed. R. Civ. P. 12(b)(6) does not provide for a claim to be dismissed on the basis of judicial estoppel.[3] Defendants, who should be well aware of what is encompassed by such a motion, put forth this frivolous motion to distort Plaintiffs' permissible claim to the Court.

4. **This Court's Order Permitted Plaintiffs to Amend their Complaint to Include Count III.**

As Defendants pointed out in their Motion, the Order stated:

> **…Plaintiffs are instructed, if the wish, to file an Amended Complaint in this matter that (1) does not assert the same legal claims and factual assertions from the First Action against Defendants Phung and Studio KP, LLC; and (2) does not add a prima facie tort against any defendant as this Court finds such an amendment is futile. The Amended Complaint may identify the John Doe Defendants and insert the minor clarifications and**

---

[3] Further, *Visual Interactive* concerned a motion for summary judgment – not a motion to dismiss.

7

>factual assertions that Defendants Phung and Studio KP, LLC did not oppose. (emphasis added.)

Order at pg. 28.

Accordingly, Plaintiffs amended their Complaint to include Claim III, alleging breach of contract on the basis that Defendants filed the Settlement Agreement which was in violation of the confidentiality provision that both parties agreed to. Importantly, the Order did not require Plaintiffs to submit a new proposed amended than the one attached to their proper Fed. R. Civ. P. 15(a) motion.[4] Instead, the Court gave leave to Plaintiffs to file an amended complaint so long as it fell within the confines of the Order, namely it did not assert a claim for prima facie tort or allege the same legal claims or factual allegations from the First Action against Defendants – i.e. it does not make a claim for defamation or tortious interference. Plaintiffs Amended Compl. abides by those parameters. Defendants cannot say in good faith that Plaintiffs' Claim III should be stricken or dismissed for that matter. Granting relief under Fed. R. Civ. P. 12(f) is not preferred. *Newborn Bros. Co.*, 299 F.R.D. at 94. Defendants' seeking to *strike* Count III is merely a harassing tactic by Defendants who wish to delay having to answer to their breach of the settlement agreement.

### B. In the alternative, this Court should Grant Leave for Plaintiffs to Re-File the First Amended Complaint.

---

[4] Plaintiffs did comply with Loc. Civ. Rule 7.1.

8

Plaintiffs disagree with Defendants' contentions that the First Amended Complaint was outside of the scope of the Order. However, even under analysis under Rule 15(a)(2), Plaintiffs would be able to permitted the Complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "the court should freely give leave [to amend pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[W]here there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Hall v. Borough of Seaside Heights, No. CV 07-3969* (FLW), 2008 WL 11510571, at *1 (D.N.J. July 25, 2008) (citing *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004)). Furthermore, the benchmark for denying a motion to amend is if the non-moving party would be prejudiced. *Id.* Here, Plaintiffs are simply amending the Complaint because of the findings of the Order. The Amended Complaint is based on the Court's determination that a settlement agreement was formed. Finally, leave to amend should be granted because no countervailing factors are present warranting a denial of the motion, and justice so requires given the liberal standards afforded to amending pleadings. Given the procedural posture of this action, Plaintiffs do not posit that Local Civ. R. 15.1(a),[5] which requires advance notice of the proposed amended to the non-moving party, is applicable in this situation. Notwithstanding, Defendants have been given notice of the First Amended

---

[5] Plaintiffs fully complied with all applicable rules, including the Local Rules, in their first Motion to Amend. (ECF Doc. No. 48).

9

Complaint, which was filed via ECF on February 17, 2021 (ECF Doc. No. 55) (Exhibit F to the Lin Cert.). A true and correct copy of a redline comparison between the Complaint and the First Amended Complaint is attached as Exhibit E to the Lin Cert.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully requests that this Court deny Defendants' Phung and Studio KP motion to dismiss and grant their cross-motion for leave to file the First Amended Complaint.

Dated:      Brooklyn, New York
             April 5, 2021

                                         Respectfully submitted,

                                         LEWIS & LIN, LLC

                                         By: */s/ David D. Lin*
                                               David D. Lin
                                               Lauren Valli

                                         *Counsel for Plaintiffs*