**Obermayer Rebmann Maxwell & Hippel LLP**
Matthew A. Green, Esquire (ID No. 03228-2003)
Joshua B. Kaplan, Esquire (ID No. 21244-2016)
1120 Route 73, Suite 420
Mt. Laurel, New Jersey 08054
Phone: (856) 795-3300
*Attorneys for Kelly Phung and Studio KP LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**KELLY PHUNG, STUDIO KP, LLC, and JOHN DOES #1-8,**<br><br>**Defendants.** | No. 1:19-cv-13775-NLH-AMD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF STUDIO KP'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11** |

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..........................................................................1

II. BACKGROUND .................................................................................................2

III. ARGUMENT........................................................................................................5

   A. Legal Standard................................................................................................5

   B. The Court Should Sanction Plaintiffs for Their Ongoing and Willful Violations of This Court's Rules and Orders .......................................................6

IV. CONCLUSION ....................................................................................................7

## **TABLE OF AUTHORITIES**

**Cases**

**Rules**

Defendants Kelly Phung and Studio KP, LLC (together, "Studio KP"), through their attorneys, Obermayer Rebmann Maxwell & Hippel LLP, submit this memorandum of law in support of their Motion for Sanctions (the "Motion").

## I. PRELIMINARY STATEMENT

For the better part of three years, Plaintiffs claimed that there was no enforceable settlement agreement between the parties. When the Court held that Plaintiffs were wrong, Plaintiffs backtracked, and now absurdly seek damages because Studio KP filed on the public docket the very settlement agreement that Plaintiffs (a) breached and (b) denied even existed. Compounding Plaintiffs' misconduct is the fact that although they moved for and received the Court's permission the file an amended complaint, Plaintiffs' new claim against Studio KP was not part of their proposed amended complaint. They attempted to sneak it in after the fact to prolong their vendetta against Studio KP and force it to spend money defending against specious claims.

For the reasons set forth in Studio KP's accompanying Motion to Dismiss, the Court should dismiss Count III of Plaintiffs' First Amended Complaint. Because Plaintiffs have engaged, and continue to engage, in bad-faith conduct designed to multiply the proceedings without any viable cause of action against Studio KP, the Court should also sanction Plaintiffs and their counsel. Plaintiffs have made clear that, although they have no valid claim against Studio KP, they

will break any rule, and defy any Order of the Court, as long as it advances their bad-faith desire to punish Studio KP. There is little doubt that Plaintiffs will continue to do so unless and until they are forced to stop.

## II.   BACKGROUND

Plaintiffs first filed suit against Studio KP in August of 2018 (the "First Action").[1]  1/19 Opinion, at 2.  The parties engaged in settlement negotiations, including the exchange of draft written settlement agreements, which were not executed, though "the parties entered into a valid settlement agreement on September 28, 2018 where the Defendants [i.e., Studio KP] agreed to (1) not disparage the Plaintiffs; and (2) take down the Yelp posts at issue in the First Action Complaint in exchange for the Plaintiffs to dismiss the First Action 'with prejudice.'" *Id.* at 16.

Importantly, Plaintiffs took the position throughout this litigation, including in response to Studio KP's Cross-Motion for Summary Judgment, that there was no binding settlement agreement between the parties:

---

[1] Unless otherwise noted, the factual background is derived from this Court's January 19, 2021 Opinion (the "1/19 Opinion") setting forth its rationale for granting Studio KP's Cross-Motion for Summary Judgment against Plaintiffs (ECF No. 53).

> Despite Counterclaimants' rhetoric, Plaintiffs have committed any "flagrant violations" of any settlement agreement. (ECF Doc No. 34 at page 21). ==There was no final, binding settlement agreement in place and thus Plaintiffs could not have breached said agreement.== Counterclaimants ignore the full context of the parties'

Plaintiffs' Memorandum of Law in Opposition to Summary Judgment, ECF No. 35, at 3 (highlighting added).

Between the commencement of the First Action and the instant lawsuit, Plaintiffs voluntarily dismissed the First Action without prejudice, and Studio KP filed an unsuccessful motion in the First Action under Fed. R. Civ. P. 60(b) to have Plaintiffs' dismissal without prejudice be converted to one with prejudice. Plaintiffs then commenced this lawsuit, and Studio KP moved for summary judgment. In granting summary judgment for Studio KP, the Court held that "Plaintiffs have breached the agreement by filing this Second Action as they promised to dismiss the [prior] case 'with prejudice.'" 1/19 Opinion at 17.

Plaintiffs separately filed a motion for leave to amend (ECF No. 48), which the Court addressed in the 1/19 Opinion. As the Court noted, Plaintiffs' proposed Amended Complaint sought to "(1) replace the fictitious 'John Doe' names with the names of additional individuals allegedly involved with the Yelp Posts now that those names have been revealed through discovery; (2) make minor

3

clarifications and add factual allegations; and (3) add an additional cause of action against all defendants." 1/19 Opinion, at 21.

Studio KP opposed the motion to amend *only* because the additional cause of action that Plaintiffs pursued—for *prima facie* tort—was not available to Plaintiffs. *See id.* The Court agreed and denied Plaintiffs' request to include the *prima facie* tort claim, reasoning that it was not available to Plaintiffs under New Jersey law and that, even if it were, *res judicata* principles prohibited Plaintiffs from asserting such a claim against Studio KP. *See id.* at 23-28.

Accordingly, the Court permitted Plaintiffs to file an amended complaint as follows:

> Plaintiffs are instructed, if the[y] wish, to file an Amended Complaint in this matter that (1) does not assert the same legal claims and factual assertions from the First Action against Defendants Phung and Studio KP, LLC; and (2) does not add a prima facie tort against any defendant as this Court finds such an amendment is futile. ***The Amended Complaint may identify the John Doe Defendants and insert the minor clarifications and factual assertions that Defendants Phung and Studio KP, LLC did not oppose***.

*Id.* at 28 (emphasis added). With the deletion of Plaintiffs' proposed *prima facie* tort claim, Plaintiffs had no remaining claims (pending or proposed) against Studio KP.

On February 17, 2021, Plaintiffs filed their First Amended Complaint (the "FAC") (ECF No. 55). The FAC contains 14 paragraphs of allegations that were not included in their proposed amended complaint, in which they aver that Studio

4

KP violated a confidentiality provision in the parties' settlement agreement by moving to enforce the agreement in the First Action without filing it under seal. *See id.* at ¶¶ 88-101. In turn, Plaintiffs assert a Third Cause of Action ("Count III") for breach of contract—a claim that also was not included in their proposed amended complaint—alleging that Studio KP breached the settlement agreement (the validity of which Plaintiffs repeatedly denied) by publicly filing the Rule 60(b) motion in the First Action. *See id.* at ¶¶ 121-126.

On February 18, 2021, counsel for Studio KP sent to counsel for Plaintiffs a letter advising that Plaintiffs' unapproved FAC violates Rule 11. *See* Exhibit A to the accompanying Certification of Counsel. On March 17, 2021, Studio KP filed this Motion with the Court, but subsequently withdrew it without prejudice to comport with the notice requirement of Fed. R. Civ. P. 11(c)(2). *See* ECF Nos. 73, 77. Plaintiffs have not withdrawn the improperly filed FAC.

Studio KP now brings this Motion to hold Plaintiffs accountable for their ongoing, flagrant violations of the Court's Orders and the law.

### III. ARGUMENT

#### A. Legal Standard

"Rule 11 [of the Federal Rules of Civil Procedure] requires that an attorney who submits a complaint certify that there is a reasonable basis in fact and law for the claims made in order to discourage the filing of frivolous, unsupported, or

unreasonable claims." *Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, 507 F. Supp. 2d 484, 488 (D.N.J. 2007). The Third Circuit has held that "'[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances.'" *Id.* (quoting *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 239 (3d Cir. 1991)). "Reasonableness in the context of a Rule 11 inquiry has been defined as 'an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact.'" *Oswell*, 507 F. Supp. 2d at 489 (quoting *Ford Motor Co.*, 930 F.2d at 239). Rule 11 sanctions are warranted when a claim is patently unmeritorious or frivolous. *See Oswell*, 507 F. Supp. 2d at 489.

### B. The Court Should Sanction Plaintiffs for Their Ongoing and Willful Violations of This Court's Rules and Orders

Throughout this dispute, Plaintiffs have pushed the boundaries as far as the Court would permit, and their latest stunt—a desperate attempt to drag Studio KP back into the case so that Plaintiffs can collect their "pound of flesh"—is no different. Rule 11 comes into play when a party and/or its counsel acts unreasonably, such as when they assert claims that are patently unmeritorious or frivolous. *See Oswell*, 507 F. Supp. 2d at 488-89. As set forth in Studio KP's accompanying Motion to Dismiss, Plaintiffs have no meritorious, non-frivolous basis for asserting a breach of contract claim against Studio KP.

6

After the Court dismissed Studio KP from the litigation, Plaintiffs concocted an utterly bogus theory to force Ms. Phung and her business to expend resources. As discussed in the Motion to Dismiss, Plaintiffs are trying to invoke a settlement provision that was not agreed upon, after spending nearly three years denying that there was *any* agreement between the parties whatsoever, and all of this in support of a claim that Plaintiffs never received permission to file. There was no reasonable basis for Plaintiffs to assert this claim, and their sleight of hand in persisting with an unapproved claim, despite the warnings of Studio KP's counsel, demonstrates Plaintiffs' bad faith.

Plaintiffs' willful disregard for the Court's rules, rulings, and time, and gross misuse of the legal system, warrant an award of sanctions.

### IV.  CONCLUSION

For the foregoing reasons, Studio KP respectfully requests that the Court grant its Motion.

Dated: March 17, 2021                    Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

*/s/ Joshua B. Kaplan*
Matthew Green, Esquire (N.J. I.D. 03228-2003)
Joshua B. Kaplan, Esquire (N.J. I.D. 21244-2016)
1120 Route 73, Suite 420
Mt. Laurel, NJ 08054
856-795-3300
matthew.green@obermayer.com

7

joshua.kaplan@obermayer.com

8