# Exhibit A



**Joshua B. Kaplan**
Direct Dial: 856-857-1930
joshua.kaplan@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
1120 Route 73
Suite 420
Mt. Laurel, NJ 08054-5108
P: 856.795.3300
F: 856.482.0504

February 18, 2021

**VIA EMAIL AND U.S. MAIL**
David D. Lin
Lewis & Lin LLC
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
david@ilawco.com

   Re: *Sciore, et al. v. Phung, et al.*, No. 19-cv-13775-NLH-AMD (D.N.J.)

Dear Mr. Lin:

  On behalf of Kelly Phung and Studio KP LLC (the "Phung Parties"), I request under Fed. R. Civ. P. 11(b) and (c)(2) that Plaintiffs withdraw their newly asserted claim against the Phung Parties in the Amended Complaint that Plaintiffs filed on February 17, 2021. Should Plaintiffs fail to do so within 21 days, the Phung Parties will move for Rule 11 sanctions.

  Count III of Plaintiffs' Amended Complaint violates Rule 11 for several reasons. First, Plaintiffs' Amended Complaint, as filed, goes far beyond the amendment permitted in the Court's January 19, 2021 Opinion and Order (ECF Nos. 53 and 54, respectively). As the Court explained in *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Market*, 204 F.R.D. 149 (D.N.J. 2007), when a complaint exceeds the scope of the permitted amendment, courts may, *inter alia*, appropriately treat an unapproved amendment as a violation of Rules 11 and 15(a), and award sanctions. *See U.F.C.W. Local 56*, 204 F.R.D. at 154. Notably, in the same case, the Court rejected the argument that the absence of an express limitation on the proposed amendment meant that the plaintiffs were permitted to assert new theories of liability or new parties. *See id.* at 153. In any event, such an argument would gain no traction here, since Judge Hillman's Order expressly

David D. Lin, Esq.
February 18, 2021
Page | 2

limited Plaintiffs to making "minor clarifications and factual assertions and identif[ying] the 'John Doe' Defendants." ECF No. 54, at 2.

Second, even if such a claim were permissible, Plaintiffs have failed to state a claim upon which relief may be granted. To the extent that Plaintiffs suggest that the Phung Parties' submission to the Court of settlement correspondence was impermissible under F.R.E. 408, that is a non-starter. Rule 408(a) prohibits the use of settlement communications to prove that a party was liable for the underlying claim. But Rule 408(b) expressly permits the use of such evidence for another purpose, such as the Phung Parties' motion in the First Action, which was necessitated by Plaintiffs' bad-faith breach of a settlement agreement.

Further, Plaintiffs have no non-frivolous breach of contract claim with respect to the Phung Parties' disclosure of the draft settlement agreements in the First Action. As an initial matter, the Court did not hold that the written settlement agreements, which contain the confidentiality provisions, constituted the agreement between the parties. Rather, the Court held that the essential terms of the settlement were the Phung Parties' agreement "to (1) not disparage the Plaintiffs; and (2) take down the Yelp posts at issue in the First Action Complaint in exchange for the Plaintiffs to dismiss the First Action 'with prejudice.'" ECF No. 53, at 16. Thus, there was no confidentiality agreement for the Phung Parties to breach.

Finally, not only did Plaintiffs refuse to execute the written settlement agreements that they now invoke, but Plaintiffs themselves breached the settlement agreement that the parties reached, as the Court has expressly held. Adding insult to injury, Plaintiffs insisted to the very end that there was no settlement agreement, and now take the position that they were entitled to the benefit of a confidentiality provision that they expressly disavowed throughout the litigation. Plaintiffs will rightfully be estopped from taking that inconsistent and self-serving position, and they come to court with unclean hands. *See, e.g.*, *Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA*, 2008 U.S. Dist. LEXIS 71261, at *12-16 (D.N.J. Sept. 8, 2008) (granting summary judgment for defendant under principle of judicial estoppel, where plaintiff took inconsistent positions as to the validity of a contract under which it was seeking relief).

4846-7177-1613

David D. Lin, Esq.
February 18, 2021
Page | 3

      Federal Rule of Civil Procedure 11 requires that all allegations and other factual contentions have factual and legal support.  If no such support exists, Rule 11 allows for sanctions against attorneys, law firms, and parties.  Further, 28 U.S.C. § 1927 allows for sanctions against any attorney who unreasonably and vexatiously multiplies the proceedings in any litigation in Federal Court.  We believe that Plaintiffs, you, and your law firm are subject to sanctions under one or both of these provisions for the reasons discussed above.

      Guide yourself accordingly.

                                    Sincerely,

                                    */s/ Joshua B. Kaplan*
                                    Joshua B. Kaplan

Cc: Matthew Green (via email)

4846-7177-1613