DAVID D. LIN (028462003)
LAUREN VALLI (admitted *pro hac vice*)
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
David@iLawco.com
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*
MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC, <br><br> *Plaintiffs*, <br><br> vs. <br><br> KELLY PHUNG, STUDIO KP LLC, PETER LY, RACHELE TRAN, SIDNEY TRAN, MICHELLE NGUYEN TRAN, IRINE TRAN, THAO TRAN, JOHN DOE #7, AND KEVIN CHING. <br><br> *Defendants*. | |

| | |
|---|---|
| KELLY PHUNG, STUDIO KP LLC,<br><br>     *Counterclaimants,*<br><br>vs.<br><br>MICHAEL SCIORE and OLD CITY PRETZEL COMPANY, LLC,<br><br>     *Counter-Defendants.* | 1:19-cv-13775-NLH-AMD<br><br>**Returnable: June 21, 2021** |

**PLAINTIFFS' MEMORANDUM OF LAW
IN REPLY TO DEFENDANT'S KEVIN CHING REPLY IN FURTHER
SUPPORT OF HIS MOTION TO DISMISS**

ii

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………iv

**PRELIMINARY STATEMENT**……………………………………………………1

**FACTUAL AND PROCEDURAL BACKGROUND**…………………………..1

**ARGUMENT**………………………………………………………………..…..1

   I.  **PLAINTIFF SCIORE IS NOT A PUBLIC FIGURE AND THE ACTUAL MALICE STANDARD DOES NOT APPLY**……..…………1

  II.  **PLAINTIFFS HAVE SUFFICIENTY PLED DAMAGES AS TO COUNT I (Defamation Per Se and Trade Libel)**………...………………3

**CONCLUSION**……………………………………………………………..4

# TABLE OF AUTHORITIES

## CASES

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974).....................................................2
*Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 377 (D.N.J. 2004)……...3
*Pactiv Corp. v. Perk-Up, Inc.*, No. CIV. A. 08-05072 DMC, 2009 WL 2568105 (D.N.J. Aug. 18, 2009)……………………………………………………………..4

## RULES

Federal Rule of Civil Procedure 12(b)(2)……………………….…………1
Federal Rule of Civil Procedure 12(b)(6) ................................................................1

Plaintiffs MICHAEL SCIORE ("Mr. Sciore") and OLD CITY PRETZEL COMPANY, LLC ("Ardiente," collectively with Sciore, "Plaintiffs") by and through their counsel, respectfully submit this memorandum of law in reply to response to Defendant's KEVIN CHING ("Defendant") reply in further support of his motion to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (the "Motion") ([DE] 87, 88).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs respectfully refer the Court to the First Amended Complaint ("Amend. Complaint") ([DE] 55) for a full and accurate statement as to what was alleged in support of each of Plaintiffs' causes of action. On June 14, 2021, Defendant filed a reply ([DE]100). Subsequently, he filed an amended reply ([DE]101) (the "Reply"). On June 16, 2021, Plaintiffs requested the ability to serve a sur-reply on issues addressed for the first time in Defendant's Reply ([DE]102). That same day, the request was granted. ([DE]105).

## ARGUMENT

I. **PLAINTIFF SCIORE IS NOT A PUBLIC FIGURE AND THE ACTUAL MALICE STANDARD DOES NOT APPLY.**

As a threshold matter, at no point in the Plaintiffs opposition to the Motion ([DE]98) (the "Opposition") do they "admit" that Plaintiff Sciore is a public figure. Defendant's Reply makes a baseless statement that it does. Reply at pg. 7.

1

("Through Plaintiffs' admission of Plaintiff Sciore's status as a public figure in the Opposition brief (pages 6-7), in addition to a restaurant being a commercial business that operates and markets itself to the public, Plaintiffs subject themselves to an actual malice standard.") First, pages 6-7 of the Opposition only address the ability of Defendant to ascertain Plaintiff Sciore's identity as it relates to personal jurisdiction. Plaintiff Sciore categorically did not admit that he is a public figure. Second, it is unfounded that a commercial business is a public figure by virtue of it being open to the public. Third, Defendant's own statements are contradictory in that he takes the inapposite position that his defamatory review was not about Plaintiff Sciore in the Reply (pg. 8) but alleges in the moving papers and the Reply itself that it is about the service provided by the Plaintiffs ([DE] 87-1 at pg. 9, Reply at pg. 8). The Court should not give any credence to his single statement alleging such in the Reply.

Notwithstanding, it would be completely implausible for Plaintiff Sciore (or for Plaintiff Ardiente for the reason stated above) to be considered a public figure. In *Gertz*, the United States Supreme Court identified that two types of public figures:

> In some instances an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. More commonly, an individual voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues. In either case such persons assume special

2

prominence in the resolution of public questions.

prominence in the resolution of public questions.

*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974).

Here, it is clear that Plaintiff Sciore is not in the first category of public figures, that is, someone who is a public figure for "all purposes and all contexts." *Id*. "Absent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society, an individual should not be deemed a public personality for all aspects of his life." *Id*. There is no such evidence. Nor could it be argued that he can be categorized as the later, a limited-purpose public figure. First, Defendant does not even identify the context in which Plaintiff Sciore could be a limited-purpose public figure, and Plaintiffs contend that there is no such context that exists. Second, there is no public controversy at issue in this case. It concerns a dispute between private parties. *Id*. Accordingly, the actual malice standard should not apply to Count I.

## II.  PLAINTIFFS HAVE SUFFICIENTY PLED DAMAGES AS TO COUNT I (Defamation Per Se and Trade Libel).

Defendant, again for the first time, alleges in his Reply that Plaintiffs have not adequately alleged damages as to Count I. As to Plaintiffs' claim for defamation per se, it is well settled that special damages need not be pled. *See Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 377 (D.N.J. 2004). ("[I]**f** a defamatory statement constitutes libel *per se*, damages are presumed to exist and need not be shown.") Here, even though not required, Plaintiffs have pled special

3

damages. *See* Amend. Complaint at ¶¶83-87, 111. Accordingly, Defendant's contentions are unfounded.

While Plaintiffs must show special damages as to trade libel, as stated above, they have sufficiently done so here. *Pactiv Corp. v. Perk-Up, Inc.*, No. CIV. A. 08-05072 DMC, 2009 WL 2568105, at *11 (D.N.J. Aug. 18, 2009)[1] (holding that "Defendants did plead special damages with the required level of specificity to survive a motion to dismiss because they alleged lost sales and lost goodwill regarding established and prospective customers.") Here, Defendant alleges lost sales, profits, and customers, as well as harm to Plaintiff Sciore's reputation. *See* Amend. Complaint at ¶¶83-87, 111. Accordingly, Count I of the Amended Complaint should not be dismissed.

## **CONCLUSION**

In light of the foregoing the Court should deny Defendant's motion in its entirety, or in the alternative, grant Plaintiffs' cross-motion to transfer the action (DE[98]) against Defendant Kevin Ching to the Eastern District of Pennsylvania.

Dated:    Brooklyn, New York
         June 22, 2021

                                        LEWIS & LIN, LLC

                                        By: _____
                                        David D. Lin, Esq.

---

[1] A true and correct copy of unpublished decisions are attached to the Certification of David D. Lin, Esq. dated June 22, 2021.

4

Lauren Valli, Esq. (admitted pro hac vice)
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Email:	david@iLawco.com
	lauren@iLawco.com
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

*Attorneys for Plaintiffs*

5