```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL SCIORE, et al., | 1:19-cv-13775-NLH-AMD |
| Plaintiffs, | |
| | OPINION |
| v. | |
| KELLY PHUNG, et al., | |
| Defendants. | |

Appearances:

DAVID D. LIN
LEWIS & LIN, LLC
77 SANDS STREET
6TH FLOOR
BROOKLYN, N.Y. 11201

    *On behalf of Plaintiffs*

MATTHEW ADAM GREEN
JOSHUA BENJAMIN KAPLAN
OBERMAYER REBMANN MAXWELL & HIPPELL LLP
1120 Route 73
Suite 420
MT. LAUREL, N.J. 08054

    *On behalf of Defendants Kelly Phung, Studio KP LLC, and Peter Ly*

ARIJ H. SYED
ORLOVSKY MOODY SCHAAF CONLON & GABRYSIAK
MONMOUTH PARK CORPORATE CENTER
187 HIGHWAY 36
WEST LONG BRANCH, N.J. 07764

    *On behalf of Defendants Rachele Tran, Sidney Tran, Michelle Nguyen Tran, and Irine Tran*

KEVIN CHING
1309 SOUTH REESE STREET
PHILADELPHIA, PA. 19147

*Defendant pro se*

**HILLMAN**, District Judge

Pending before the Court is Defendants Kelly Phung and Studio KP, LLC's (collectively "Phung Defendants") certification for attorney's fees and costs. (ECF 124). For the reasons expressed below, the Court will award the requested fees and costs in part for a total award of $6,067.81.

I. **Background**

The facts of this case have been detailed at greater length in the Court's previous Opinions. (ECF 53; ECF 120; ECF 134). Of relevance here, Plaintiffs Michael Sciore and Old City Pretzel Company, LLC ("Plaintiffs") filed a complaint against Phung Defendants and eight "John Doe" Defendants in May of 2018 alleging defamation and tortious interference stemming from negative Yelp reviews of Ardiente, the registered name of Old City Pretzel Company, LLC. (Statement of Undisputed Material Facts [ECF 34 at p. 5-9] at ¶¶ 1-4).[1] The parties engaged in settlement negotiations and, on September 28, 2018, Plaintiffs' counsel emailed Phung Defendants' counsel stating that if the Yelp posts in question were removed, the complaint would be

---

[1] The cited Statement of Undisputed Fact was included with Phung Defendants' cross-motion for summary judgment in the instant action. (ECF 34). The Court notes that, aside from some minor clarifications, the factual recitation within it has been admitted by Plaintiffs. (ECF 35-3).

dismissed with prejudice. (Id. at ¶¶ 5-6). Two days later, Phung Defendants' counsel confirmed that the posts had been taken down and suggested that "a non-disparagement and mutual releases should be executed so that both sides can have some finality and ensure there is no future litigation/dealings." (Id. at ¶ 7). Plaintiffs' draft settlement agreement featured a non-disparagement provision applicable only to Phung Defendants and no release language, (id. at ¶ 11), and Phung Defendants' counsel responded with a revised agreement including mutual releases and non-disparagement provisions, (id. at ¶ 12). Plaintiffs then voluntarily dismissed the complaint without prejudice. (Id. at ¶ 14).

Plaintiffs filed a Complaint instituting the instant action against Phung Defendants and unnamed parties on June 14, 2019 – alleging defamation per se, trade libel, and tortious interference with contractual relations and prospective contractual relations relating to the allegedly defamatory Yelp reviews. (ECF 1). Plaintiffs moved for leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) on November 5, 2020. (ECF 48). Among the proposed amendments were the naming of previously unidentified Defendants Peter Ly, Rachele Tran, Sidney Tran, Michelle Nguyen Tran, Irine Tran, Thao Tran, and Kevin Ching, (ECF 48-3 at ¶¶ 8-13, 15), and the addition of a third cause of action, prima facie tort, (id.

3

at ¶¶ 138-142).

With respect to Plaintiffs' motion to amend, the Court concluded that Plaintiffs' amendment adding prima facie tort as a cause of action was futile due both to the fact that prima facie tort had not been officially recognized in New Jersey, (ECF 53 at 22 (citing Fed. Nat'l Mortg. Ass'n v. DuBois, No. 15-3787, 2018 WL 5617566, at *13 (D.N.J. Oct. 30, 2018)), and res judicata, (id. at 27-28). Nonetheless, the Court granted Plaintiffs' motion in part – permitting amendment to identify original John Doe Defendants and include factual additions and clarifications, but not to assert claims or factual assertions from the first action or a claim for prima facie tort. (Id. at 28; ECF 54).

Plaintiffs thereafter filed an Amended Complaint, (ECF 55), Count 3 of which included a breach of contract claim against Phung Defendants for alleged violation of the parties' settlement agreement, (id. at ¶¶ 122-26). Phung Defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 11, (ECF 78), asserting that "Plaintiffs ha[d] no meritorious, non-frivolous basis for asserting a breach of contract claim against" Phung Defendants, (ECF 78-1 at 6).

The Court agreed, holding that the breach of contract claim included in the Amended Complaint but not the proposed amendments previously submitted to the Court was violative of

4

Federal Rule of Civil Procedure 15(a) and Local Civil Rule 7.1(f).  (ECF 120 at 24-25).  Relying on other decisions within the Third Circuit, the Court further concluded that "Plaintiffs' inappropriate inclusion of the breach of contract claim in the First Amended Complaint far exceed[ed] any reasonable construction of the scope of leave under the Court's . . . Order and Opinion granting permission to file an amended complaint" and that its inclusion and Plaintiffs' failure to withdraw the claim violated Federal Rule of Civil Procedure 11.  (Id. at 27-28).  The Court held that ordering Plaintiffs' counsel to pay the costs, expenses, and reasonable attorney's fees expended addressing Count 3 of the Amended Complaint was an appropriate sanction and provided Phung Defendants thirty days to submit supporting documentation.  (Id.; ECF 121).  Phung Defendants timely submitted the presently pending certification of counsel and supporting invoices.  (ECF 124).

**II. Discussion**

  **A. Jurisdiction**

The Court has jurisdiction over this matter as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).

  **B. Rule 11**

Pursuant to the Federal Rules of Civil Procedure, attorneys certify by signing, filing, submitting, or advocating in favor

5

of a pleading, motion, or other paper that, to the best of their knowledge, information, and belief:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Upon determination that Rule 11(b) has been violated, courts "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation," Fed. R. Civ. P. 11(c)(1), "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4).  Such sanctions may include reasonable attorney's fees and costs incurred due to the offending conduct.  See id.; Petron Scientech, Inc. v. Zapletal, 701 Fed. Appx. 138, 142 n.16 (3d Cir. 2017).  Further, when a motion for sanctions is made separately from other motions and procedural requirements are met, reasonable expenses including attorney's fees incurred with respect to the motion may be recovered.  Fed R. Civ. P.

11(c)(2); Ballard v. AT&T Mobility, Inc., No. 15-8808, 2018 WL 3377713, at *4 (D.N.J. July 11, 2018).

When a court determines that awarding attorney's fees represents an appropriate sanction, it then conducts a lodestar calculation to determine the reasonable fee. See City of Atlantic City v. Zemurray Street Cap., LLC, No. 1:14-cv-05169, 2022 WL 92802, at *2 (D.N.J. Jan. 10, 2022). Lodestar calculations multiply the reasonable number of hours expended by a reasonable hourly rate. United Auto. Workers Loc. 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007). "'[T]he relevant rate is the prevailing rate in the forum of the litigation' unless 'the special expertise of counsel from a distant district is shown' or 'local counsel are unwilling to handle the case.'" A.B. by & through F.B. v. Pleasant Valley Sch. Dist., 839 Fed. Appx. 665, 668 (3d Cir. 2020) (quoting Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 704-05 (3d Cir. 2005)).

**III. Analysis**

Phung Defendants' certification of counsel and accompanying invoices seek $6,223.81 in attorney's fees and costs incurred in responding to the Amended Complaint and pursuing sanctions,[2]

---

[2] Phung Defendants represent that the provided invoices "reflect the costs, expenses, and reasonable attorneys' fees incurred by the Phung Parties in responding directly to Count III and in seeking sanctions for Plaintiffs' refusal to dismiss that Count

including $1,039.75 in legal research fees incurred using Lexis. (ECF 124). With limited exception, the Court finds these fees and costs to be reasonable and will award them in part.

First, the Court concludes that most of the rates sought are reasonable within the forum. Billing for four legal professionals is reflected in Phung Defendants' submitted invoices: (1) Matthew Green, an attorney with eighteen years of experience, at $380.00 per hour; (2) Joshua Kaplan, an attorney with thirteen years of experience, at $350.00 per hour; (3) Meghan Rice, an attorney with three years of experience, at $350.00 per hour; and (4) Kasia Parker, a paralegal with ten years of experience, at $185.00 per hour. (Id.) Though Green's certification submits that such rates are reasonable as compared to local rates, no additional support is provided. The Court therefore must take it upon itself to determine the reasonableness of the requested rates. See L.J. ex rel. V.J. v.

---

against the Phung Parties." (Certification of Counsel [ECF 124 at p. 1-3] at ¶ 3). In its Order granting Phung Defendants' motion for sanctions, the Court directed Phung Defendants "to submit documentation of costs, expenses, and reasonable attorneys' fees incurred in addressing Count III of Plaintiffs' First Amended Complaint." (ECF 121 at 2). Exercising its discretion, the Court finds that Phung Defendants' actions with respect to Rule 11 – including the safe-harbor letter to opposing counsel and motion for sanctions – were incurred in addressing Count 3 of the Amended Complaint and related fees and costs will be awarded. See Moeck v. Pleasant Valley Sch. Dist., 844 F.3d 387, 389-90 (3d Cir. 2016) (recognizing that Rule 11 orders are reviewed for abuse of discretion).

8

Audubon Bd. of Educ., 373 Fed. Appx. 294, 297 (3d Cir. 2010) ("Once a district court finds that the prevailing party has failed to sustain its burden with respect to a reasonable market rate, it must use its discretion to determine the market rate." (citing Washington v. Phila. Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996))).

The relevant forum rate of this vicinage is that of the Philadelphia/New Jersey legal market. D'Ottavio v. Slack Techs., No. 1:18-cv-09082, 2022 WL 15442211, at *8 (D.N.J. Oct. 26, 2022). As such, the Court has previously used Community Legal Services of Philadelphia's (CLS) fee schedule to help determine the reasonable hourly rate in the vicinage. See, e.g., Bilazzo v. Portfolio Recovery Assocs., LLC, 876 F. Supp. 2d 452, 470 (D.N.J. June 25, 2012) (acknowledging the CLS fee schedule's approval within the Third Circuit and using the most recent version).

The most recent CLS fee schedule, effective July 1, 2018, lists the rate range for an attorney with between sixteen and twenty years of experience as $475.00 to $530.00 per hour, the range for an attorney with eleven to fifteen years of experience as $375.00 to $450.00 per hour, the range for an attorney with two to five years of experience as $230.00 to $275.00 per hour, and the range for paralegals as $160.00 to $200.00 per hour. Attorney Fees, Cmty. Legal Servs. of Phila.,

https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited Dec. 5, 2022). Based on these figures, the Court holds that the provided rates for Green, Kaplan, and Parker are reasonable within the forum. Because Rice's rate exceeds that of the forum and Phung Defendants have provided no additional support demonstrating its reasonableness, the Court will reduce the fee to the average of the range for attorneys with two to five years of experience – $252.50 – and reduce the award by $156.00.[3]

The Court further finds that the hours requested are reasonable, particularly considering Plaintiffs' decision not to take advantage of Rule 11's safe-harbor provision, (ECF 78-3), cross-motion and opposition in response to Phung Defendants' motion to dismiss, (ECF 75), and opposition to Phung Defendants' sanctions motion, including seeking fees on behalf of Plaintiffs, (ECF 82), logically requiring Phung Defendants' counsel to expend additional time in response. A review of Phung Defendants' supporting invoices shows 20.1 hours spent addressing Count 3 of the Amended Complaint – 16.3 by Kaplan,

---

[3] Phung Defendants' invoices provide a single entry for Rice for 1.6 hours at a rate of $350.00 per hour and a total of $560.00. (ECF 124 at 6). Multiplying the CLS-supported rate of $252.50 per hour by the same 1.6 hours results in a product of $404.00 and a difference of $156.00 as compared to the invoices provided.

10

1.6 by Rice, 1.0 by Green, and 1.2 by Parker.[4] The included invoices track the hours expended to the tenth of an hour, sufficiently detail the nature of the work performed, and list the professional who performed each task. See United Auto. Workers Loc. 259 Soc. Sec. Dep't, 501 F.3d at 291 ("A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities . . . and the hours spent by various classes of attorneys.'" (quoting Evans v. Port Auth of N.Y. and N.J., 273 F.3d 346, 361 (3d Cir. 2001))). Therefore, the Court finds the requested number of hours to be reasonable.

Finally, the Court finds the $1,039.75 in Lexis costs to be warranted. Importantly, in the context of motions for fees and costs within the district, "[c]omputerized legal research costs, such as costs incurred for Westlaw and Lexis research, are generally regarded as compensable." L. Civ. R. 54.1, cmt. 4(i) (collecting cases). The Court finds that the costs requested are in line with those that have been awarded within the Third Circuit. See Despot v. Balt. Life Ins. Co., No. 15-1672, 2016 WL 7094315, at *7 (W.D. Pa. Nov. 2, 2016), report and

---

[4] The Court has reviewed Phung Defendants' submitted invoices. By its calculation, the hours reflected at the rates provided total $6,867.00 in fees – more than the entire requested sum. The Court, in its discretion, will decline to adjust Phung Defendants' award upward from what has been requested. See Moeck, 844 F.3d at 389-90.

11

recommendation adopted sub nom. Despot v. Balt. Life Ins. Co., No. 15-1672, 2016 WL 7076970 (W.D. Pa. Dec. 5, 2016) (finding $1,435.57 in costs for photocopying, filing, mailing, and Westlaw and PACER fees expended in defending a dismissed employment action to be reasonable); Unite Here, Local 54 v. City of Atlantic City, No. 11-6273, 2012 WL 1455249, at *5 (D.N.J. Apr. 26, 2012) (finding $1,150.82 in costs for filing and Westlaw fees incurred during a 42 U.S.C. § 1983 action to be reasonable). Furthermore, like the hours expended, the Court finds that Phung Defendants' research costs were logically increased due to Plaintiffs' actions in pursuing the improper breach of contract claim and filing opposition. Thus, awarding research costs here "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." See Fed. R. Civ. P. 11(c)(4).

Therefore, the Court will award Phung Defendants $6,067.81 – the $6,223.81 requested minus the $156.00 fee adjustment.

**IV. Service**

Since the Court's initial ruling on Phung Defendants' motion for sanctions, this case has entered an epilogue phase. In the same Opinion and Order granting the motion for sanctions, the Court dismissed the Amended Complaint as to Phung Defendants, (ECF 120 at 17-18; ECF 121), leaving the individual Defendants identified in the Amended Complaint. The Court has

12

also granted Defendants Kevin Ching and Peter Ly's motions to dismiss. (ECF 134; ECF 135). The remaining parties have recently stipulated to dismissal with prejudice as to all remaining claims and counterclaims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF 154).

In addition to the sanctions award discussed above, the Court identifies one remaining loose end in this matter – service of the Amended Complaint as to Defendants Michelle Nguyen Tran and Thao Tran and the identification and service of an additional Defendant, referred to in the Amended Complaint as "John Doe #7." On May 17, 2021, Plaintiffs submitted a letter seeking an extension of time to locate and serve Michelle Nguyen Tran and Thao Tran and identify John Doe #7, (ECF 89), to which Magistrate Judge Ann Marie Donio responded in a June 3, 2021 text order directing Plaintiffs to file a formal motion, (ECF 96).

Plaintiffs did not file the motion until over two months later and sought both an additional ninety days to serve Michelle Nguyen Tran, Thao Tran, and John Doe #7 and permission to serve Thao Tran via email. (ECF 117). Citing the significant delay between the text order and formal motion, Judge Donio granted Plaintiffs' motion in part, providing a forty-five-day extension. (ECF 125 at 9-10). Judge Donio denied Plaintiffs' motion to the extent that it sought to serve

13

Thao Tran by email.  (Id. at 12-13).

Plaintiffs moved for leave to amend the Amended Complaint, (ECF 127),[5] and in light of the motion, Plaintiffs filed a letter seeking an additional sixty days following determination of the motion to amend to serve the three outstanding Defendants.  (ECF 128).  Judge Donio denied Plaintiffs' motion to amend without prejudice.  (ECF 133 at 7-8).  Judge Donio also denied Plaintiffs' informal extension request "without prejudice to filing a formal motion to the extent Plaintiffs seek a further extension of time to serve process."  (Id. at 9).  The docket shows no proof of service as to any of the unserved Defendants or motions seeking additional time to serve.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m) (emphasis added).  Though Rule 4(m) provides for extensions of time for good cause shown, id., Plaintiffs have not formally sought an extension of time in over a year and have not otherwise expressed their intentions with

---

[5] Plaintiffs' proposed amendments included correcting Defendant Michelle Nguyen Tran's name to Michelle Tieu and identifying Defendant John Doe #7 as Tiffany Hoang.  (ECF 127-2).

14

respect to the service of the outstanding Defendants since Judge Donio's Order denying their informal extension request.  The Court finds that such inaction may warrant dismissal of the Amended Complaint without prejudice with respect to the three outstanding Defendants.  See Chiang v. U.S. Small Bus. Admin., 331 Fed. Appx. 113, 116 (3d Cir. 2009) (affirming the district court's order dismissing the amended complaint for failure to timely effect service, noting that the appellants failed to explain their four-year delay in seeking an extension of time); Vorpahl v. Kullman Law Firm, No. 17-1693, 2018 WL 813879, at *2 (D.N.J. Feb. 8, 2018) (counting the plaintiff's failure to move for an extension of time as among the factors weighing against a finding of good cause); see also Beautyman v. Laurent, 829 Fed. Appx. 581, 583 (3d Cir. 2020) (listing "whether plaintiff moved for an enlargement of time to serve" among the factors considered in finding good cause under Rule 4(m) (quoting MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)).

    Therefore, the Court will provide Plaintiffs fourteen days to show cause why the Amended Complaint should not be dismissed as to the three outstanding Defendants for failure to timely effect service or otherwise formally move for additional time.  If Plaintiffs fail to show such cause, the Court will dismiss the Amended Complaint as to the three outstanding Defendants

15

without prejudice.

**V. Conclusion**

For the reasons stated above, Phung Defendants' certification for attorney's fees and costs, (ECF 124), will be granted in part and Phung Defendants will be awarded $6,067.81 in fees and costs to be paid by Plaintiffs' counsel.  Plaintiffs will be provided fourteen days to show cause why the Amended Complaint should not be dismissed without prejudice as to unserved Defendants.  Judgment will be entered upon determination of the status of the unserved Defendants.

An Order consistent with this Opinion will be entered.


Date: December 6, 2022             s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.